(80 South. 157)

AMERICAN CAST-IRON PIPE CO. v. BIRMINGHAM TAILORING CO.

(6 Div. 430.)

(Court of Appeals of Alabama.   Nov. 12, 1918.)

1. APPEAL AND ERROR ⬦1008(1)—SCOPE OF REVIEW—JUDGMENT ON SPECIAL FINDINGS.

Where the trial court in a cause tried without a jury has upon request made special findings of fact under Code 1907, § 5360, the appellate court will not examine into the extrinsic facts to determine the correctness of the findings, but will determine whether the findings support the judgment.

2. TRIAL ⬦395(1)—FINDINGS—SUFFICIENCY TO SUPPORT JUDGMENT—RECITALS.

The mere recitals in findings of fact of circumstance pointing to a conclusion is insufficient, and special findings of fact must reduce the tendencies of evidence to a conclusion, and the aggregate of these conclusions must support the material allegations necessary to a judgment.

3. TRIAL ⬦395(1)—FINDINGS—SUFFICIENCY TO SUPPORT JUDGMENT.

Findings of fact in assumpsit to recover wages assigned, which did not find employer indebted to assignor in assigned amount, or, if more, an acceptance of order by defendant, or that defendant owed assignor any specific amount, are insufficient to support a judgment for plaintiff.

4. ASSIGNMENTS ⬦58—WAGES—ACCEPTANCE —NECESSITY.

The exact amount of wages due from employer could be assigned by employé without employer's acceptance, but a less amount would require acceptance of order or transfer by defendant to authorize suit.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action in assumpsit by the Birmingham Tailoring Company against the American Cast-Iron Pipe Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The basis of the suit is an assignment by Jim Sadler of wages to be earned between the last day of May and the 5th day of June, 1915, the amount being $5.50, and contains an order to defendant to pay same to plaintiff. The findings set out are in effect that the assignment was given for the amount and on the date set out; that the assignment was given for the price of a coat bought by Sad-

ler from plaintiff, Sadler agreeing at the time that the assignment should be given; that the assignment was delivered to defendant's cashier before the pay envelopes were made up, and that after examining the assignment and the books of the company he said, "It is here," and took said assignment, but that later an officer of defendant brought the assignment to plaintiff's place of business, tearing it up, and stating to plaintiff that they could not get anything on its except by order of the court; that Jim Sadler had been working at defendant's place prior to the giving of the assignment, and subsequent thereto; and that plaintiff had never received any money on the assignment, or from Jim Sadler.

David J. Davis, of Birmingham, for appellant.

R. D. Coffman, of Birmingham, for appellee.

SAMFORD, J. [1, 2] Upon the trial the defendant requested the court, before whom the case was being tried without a jury, to make a special finding of facts, under section 5360 of the Code of 1907. Where this is done the appellate court will not examine into the extrinsic facts, to see whether or not from the evidence introduced the facts were correctly found by the court; but in reviewing the judgment the appellate court will be confined to determining whether or not, upon the facts found and set forth in the special finding, the trial court rendered the proper judgment. Chandler & Jones v. Crossland, 126 Ala. 176, 28 South. 420; Johnson v. McFry, 13 Ala. App. 619, 68 South. 718. The finding of facts by the court is designed to take the place of the verdict of a jury, and the mere recital in the court's special finding of facts of certain circumstances pointing to a conclusion is not the finding necessary in order to make the finding support the judgment. In order for the findings on the facts to meet the requirements necessary, the tendencies of the evidence must be reduced to a conclusion, and the aggregate of these conclusions must be such as to support the material allegations necessary to a judgment. For these conclusions the court can only look to the special findings on the facts. Authorities supra.

[3, 4] Measured by the foregoing, the findings of facts fall short of the requirements in several particulars; notably, it is not found as a fact that the defendant was indebted to Jim Sadler, the party from whom plaintiff claims a transfer, in the amount named in the assignment, and no more. If it was the exact amount, it could be assigned without the consent of defendant; if more it would require the acceptance of the order or transfer by the defendant, in order to

authorize plaintiff to maintair this suit. O'Barr v. Turner, 75 South. 271.[1] There is no finding that the defendant owed Jim Sadler any specific amount, or that the amount owed was the amount assigned or being a larger amount that the defendant, through its duly authorized agent, accepted and agreed to the transfer.

It is not necessary to pass upon the other assignments of error.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.