(104 So. 756)

## Ex parte STITH COAL CO.

## GRIMES v. STITH COAL CO.

## (6 Div. 319.)

(Supreme Court of Alabama. May 28, 1925. Rehearing Denied June 25, 1925.)

1. **Master and servant ⬅➡398—Object of notice of injury stated.**

Object of prompt notice of injury under Workmen's Compensation Law, §§ 19, 20, is to enable employer to make speedy examination, afford proper treatment, and protect himself against simulated or exaggerated claims.

2. **Master and servant ⬅➡398—Actual knowledge of injury dispenses with necessity of statutory notice.**

Actual knowledge of injury by employer, within 90 days after its occurrence, *held* to dispense with necessity for written notice required under Workmen's Compensation Law, §§ 19, 20, in view of sections 17, 28.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Petition of the Stith Coal Company for certiorari to the circuit court of Walker county, to review the judgment there rendered in a proceeding under the Workmen's Compensation Act by Giles Grimes against the petitioner. Writ denied; judgment affirmed.

C. R. Wiggins, of Jasper, and Percy, Benners & Burr, of Birmingham, for appellant.

The giving of written notice to the' employer within 90 days of the injury is a condition precedent to right of compensation.

Code 1923, §§ 7568, 7569; Ex parte Harper, 210 Ala. 134, 97 So. 140; Ex parte Mt. Carmel Co., 209 Ala. 519, 96 So. 626; Ex parte Sloss Co., 207 Ala. 531, 93 So. 425; Ex parte Sloss Co., 212 Ala. 299, 103 So. 920; Twonko v. Rome B. & O. Co., 224 N. Y. 263, 120 N. E. 638; Haiselden v. Ind. Board, 275 Ill. 114, 113 N. E. 877; In re Gorski, 227 Mass. 456, 116 N. E. 811; Fid. & Cas. Co. v. Ind. Acc. Comm., 177 Cal. 472, 170 P. 1112; Armstrong v. Oakland P. & V. Co., 197 Mich. 334, 163 N. W. 897; In re Dorb, 180 App. Div. 138, 167 N. Y. S. 415; Bloomfield v. November, 219 N. Y. 374, 114 N. E. 805; Id., 223 N. Y. 265, 119 N. E. 705; Dane v. Mich. Tr. Co., 200 Mich. 612, 166 N. W. 1017; Cooke v. Holland Fur. Co., 200 Mich. 192, 166 N. E. 1013, L. R. A. 1918E, 552; Kalucki v. Amer. C. & F. Co., 200 Mich. 604, 166 N. W. 1011; Schild v. Pere Marquette R. Co., 200 Mich. 614, 166 N. W. 1018.

Ray & Cooner, of Jasper, for appellee.

Where the defendant has actual knowledge of the fact of injury, this is sufficient. Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Coleman v. Guilfoy Cornice Wks., 1 Cal. I. A. C. 14; Larson v. Holbrook, McGuire, etc., 2 Cal. I. A. C. 105; Csuprinski v. Mechanical Mfg. Co., Ill. Ind. Bd. Dec. (1914) 105; McDonald v. Fid. & Dep. Co., 2 Mass. W. C. Cas. 529; Conner v. Acme C. & P. Co., 1 Cal. I. A. C. 9; Connolly v. Cal. Salt Co., 2 Cal. I. A. C. 115; Strigee v. Amer. Radiator Co., Ill. Ind. Bd. Dec. (1925); 129 Minn. 423, 152 N. W. 838.

BOULDIN, J. This is a certiorari to review the judgment of the circuit court, awarding compensation to an injured employee under the Workmen's Compensation Law (Acts 1919, p. 206).

In the findings of fact by the trial judge, it is said:

"Accordingly, it is the conclusion of the court and of the undersigned judge thereof, first, that plaintiff was injured by an accident arising out of and in the course of his employment; second, that defendant had actual knowledge of the fact of his injury within 90 days of its occurrence, which the court finds to have been on February 22, 1924, and that this actual knowledge dispensed with the necessity for the written notice required by the law. * * *"

The finding recites with unusual detail and commendable care the testimony upon which the conclusion is reached that defendant had "actual knowledge" of the injury, etc. This testimony fully warranted such conclusion.

Does actual knowledge of the fact of the injury, within 90 days after its occurrence, dispense with the necessity for the written notice required by the law? This is the controlling question in the case.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The Compensation Law, § 19 (Code, § 7568), requiring written notice of the accident to be given to the employer, concludes:

" * * * No compensation shall be payable unless such written notice is given within ninety days after the occurrence of the accident, or where death results, within ninety days after the death."

Section 20 (Code, § 7569) prescribes the substance of the notice and manner of service. This requirement of notice is mandatory, and a failure to give it, in a proper case, defeats the claim to compensation. Ex parte Sloss-Sheffield S. & I. Co. (Cook's Case) 212 Ala. 699, 103 So. 920; Ex parte Harper, 210 Ala. 134, 97 So. 140; Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 531, 93 So. 425.

None of these cases deal with the specific question here presented; namely, whether formal notice is a condition to recovery where it is affirmatively shown that the employer had all the knowledge the notice would have given, and the giving of it become a mere form.

It appears the only reference to this inquiry in our decisions to date is in Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626. That case presented a death claim, and it was declared that, when due notice has been given of the accident, no further notice need be given after death. The court, however, quotes approvingly the holding of the trial judge as follows:

" * * * In the present case, while no notice is averred as given, it is averred that proof of the accident was made, that $48 compensation was paid by defendant upon or for the accident. This under the allegations was paid within the 90 days allowed for notice, and is equivalent to alleging notice, for if the company received the proof and paid the compensation thereon it knew of the accident, and it was not necessary to give notice, and furthermore when they paid the compensation, they waived notice."

This court there cited the case of State ex rel. Crookston Lumber Co. v. Dist. Court, 132 Minn. 251, 156 N. W. 278. By reference to the Minnesota statute (Gen. Laws 1913, p. 684) it appears that section 19 of the Minnesota law, corresponding to our section 19, requires written notice "unless the employer shall have actual knowledge," etc. The Minnesota case above cited rests the decision upon this clause of the statute. See, also, State ex rel. v. Dist. Court, 129 Minn. 423, 152 N. W. 838.

Our section 19 differs from the Minnesota section in the omission of the above clause, as well as other details, and also in the general structure of the section. Section 20 of the two acts, however, is virtually in the same words.

In the light of these matters, it would appear our statute as to written notice admits of no exception. Standing alone, its language imports notice in writing as a condition precedent in all cases. But this section does not stand alone. Section 28 (Code § 7578) prescribes the procedure in cases of dispute. It declares what the verified complaint shall "set forth," as a basis for recovery, and upon which the issues are to be made up. Among the required averments is "the knowledge of the employer of the injury or the notice to him thereof, which must be of the kind provided for in articles 1 and 2 of this chapter." This section follows closely the Minnesota act. Gen. Laws 1913, p. 688.

[1, 2] Following well-known rules as to correspondence of pleadings and proof, it is difficult to see why "knowledge" or "notice" may be averred in the alternative, and no recovery be had on proof of either alternative. To so hold would be to strike out one alternative.

Again, under section 17 (Code, § 7566), no compensation for temporary disability shall be allowed "in any case unless the employer has actual knowledge of the injury or is notified thereof within the period specified in section 7568." This clearly imports that actual knowledge is the equivalent of the statutory notice.

The rule approved in Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626, is in keeping with the humane spirit of compensation laws.

The aim of the notice is "to advise the employer that a certain employee, by name, received a specified injury in the course of his employment on or about a specified time, at or near a certain place specified." Code, § 7569.

That the notice must be written is for certainty; that it is to be given promptly is to enable the employer to make speedy examination, afford proper treatment, and protect himself against simulated or exaggerated claims.

If the injury occur under the eye of the employer, or if all the facts are brought to his knowledge within the time written notice is required, he can suffer no injury; the giving of notice becomes a matter of technical form, a trap for the helpless and unadvised.

Construing our statutes as a whole, we think this result is not intended. Such, it appears to us, is the current of better authority elsewhere. 2 Schneider's Work. Comp. Law, pp. 1460–1464; 28 R. C. L. p. 825, § 113 ; Corpus Juris, Pamphlet Treatise, p. 104, § 102; note L. R. A. 1917D, 135; note Ann. Cas. 1917D, 874.

Writ denied; judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.