## TENNESSEE COAL, IRON & R. CO. v. POPE.   (6 Div. 869.)

(Court of Appeals of Alabama.   Nov. 10, 1925. Rehearing Denied Nov. 24, 1925.)

1. Appeal and error ☞1008(1).

Trial judge's finding of facts stands in like position, and is designed to take place of verdict of jury.

2. Appeal and error ☞989.

Appellate court will not examine into extrinsic facts to see whether or not facts were correctly found by trial judge.

3. Appeal and error ☞1010(1) — Appellate court will reverse trial court's finding of fact, if there is no evidence to support it.

Where there is no evidence to support trial judge's finding of fact, appellate court, on exception properly reserved, will reverse trial court for error thus committed.

4. Appeal and error ☞989—Where there is evidence to support trial judge's finding, appellate court will determine whether or not trial court rendered proper judgment only.

Where there is evidence to support trial judge's finding of facts, appellate court will confine itself to determining whether or not, on facts found and set forth in special finding, trial court rendered proper judgment.

5. Master and servant ☞398.

Failure to give written notice of injury within 90 days bars recovery under Workmen's Compensation Act, unless employer had actual knowledge of injury.

6. Corporations ☞428(1)—Corporations are held responsible for knowledge possessed by those whom they appoint as their representatives.

Like natural persons, corporations are held responsible for knowledge possessed by those whom they appoint as their representatives as the only way of communicating actual notice to corporation is through its agents.

7. Master and servant ☞398—Employer held to have had actual knowledge of injury, where foreman notified sent injured employee to employer's doctor, and employee was afterwards in employer's hospital.

Corporate employer held to have had actual knowledge of fact of injury to employee where injured employee immediately reported circumstances to his foreman who directed employee to dispensary for proper treatment, where employee again related facts to employer's doctor, and was afterwards in employer's hospital.

Certiorari to Circuit Court, Jefferson County; Romaine Boyd, Judge.

Petition of the Tennessee Coal, Iron & Railroad Company for certiorari to the circuit court of Jefferson county to review the finding and judgment of that court in a proceeding under the Workmen's Compensation Act by John T. Pope against the petitioner. Prayer of petition denied.

---

Certiorari denied by Supreme Court in Tenn. C., I. & R. Co. v. Pope, 107 So. 736, 214 Ala. 383.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

No effectual notice of injury and intention to claim compensation can be given after the expiration of 90 days from the time of the alleged injury. Code 1923, § 7568; Ex parte Harper, 97 So. 140, 210 Ala. 134; Ex parte Mt. Carmel Coal Co., 96 So. 626, 209 Ala. 519; Ex parte Sloss Co., 103 So. 920, 212 Ala. 699; Ex parte Stith Coal Co., 104 So. 756, 213 Ala. 399; Ex parte Big Four Coal Co., 104 So. 764, 213 Ala. 305. If the recital of special finding of facts is too meager or omissive, the bill of exceptions will be looked to. Ex parte Jagger Coal Co., 99 So. 99, 211 Ala. 11; Ex parte Woodward Ir. Co., 99 So. 97, 211 Ala. 74. There is no greater presumption in favor of the correctness of findings by the trial court than would be indulged in favor of a jury verdict. Acts 1915, p. 824; McSwean v. McSwean, 86 So. 646, 204 Ala. 663; Halle/ v. Brooks, 96 So. 341, 209 Ala. 486.

W. F. Spencer, of Birmingham, for appellee.

Actual knowledge of injury by the employer dispenses with the necessity for written notice. Ex parte Stith Coal Co., 104 So. 756, 213 Ala. 399.

SAMFORD, J. The petition is for a writ of certiorari to review the judgment of the circuit court awarding compensation to an employee under the Workmen's Compensation Act.

[1-4] The finding of facts by the trial judge stands in a like position, and is designed to take the place of the verdict of the jury. Where such finding of facts is made, the appellate court will not examine into the extrinsic facts to see whether or not from the evidence introduced the facts were correctly found by the court. American C. I. Pipe Co. v. Birmingham Tailoring Co., 80 So. 157, 16 Ala. App. 583. Of course, if there is no evidence to support the finding of fact, upon exception properly reserved the appellate court would not hesitate to reverse the trial court for the error thus committed, but, where there is evidence to support the conclusions, the appellate court will confine itself to determining whether or not, upon the facts found and set forth in the special finding, the trial court rendered the proper judgment. Am. Cast I. Pipe Co. v. Birmingham Tailoring Co., 80 So. 157, 16 Ala. App. 583; Chandler & Jones v. Crossland, 28 So. 420, 126 Ala. 176.

[5-7] That brings us to a consideration of the question of notice as required by the Workmen's Compensation Act. It may be admitted that a failure to give written notice of the injury within 90 days would bar a recovery, unless the company had actual knowledge of the fact of injury. Ex parte Stith Coal Co., 104 So. 757, 213 Ala. 399. What does it take to constitute this knowledge? In this case, according to the findings of fact, within a few minutes after the injury the employee reported the "circumstances of the accident and his injury and sufferings to his foreman, whose duty it was to report such accidents and injuries to the defendant." The foreman directed plaintiff to defendant's dispensary for proper treatment, where he went and again related to the defendant's doctor the facts and circumstances of the injury. Plaintiff was afterwards in defendant's hospital and under the care of its doctors. The foreman, the dispensary, and the hospital were all agencies of the company, by and through whom the company dealt with its employees, under certain conditions. Like natural persons, corporations are held responsible for the knowledge which is possessed by those whom they appoint as their representatives. The fact is, the only way of communicating actual notice to a corporation is through its agents. 21 R. C. L. p. 838, par. 21. In this case the dispensary and the hospital might well be considered the agency through which the company dealt with all such cases as the one at bar. As to the foreman of the gang of which plaintiff was a member, he was the very "eye" of the corporation, not only to see that each member of the squad under him performed his duty to the company, but during work hours to look out for the obligations due from the corporation to the individual members of the squad under him, and knowledge on the part of the foreman that one of his men had been hurt, while working for the company and under his superintendence, was knowledge of the fact to the corporation. 18 R. C. L. p. 751, par. 220, note 13.

We find no error in the record, and the prayer of the petition is denied.