(116 So. 121)

## AMERICAN RADIATOR CO. v. ANDINO.
### (6 Div. 998.)

Supreme Court of Alabama. Jan. 26, 1928.

Rehearing Denied April 12, 1928.

1. Master and servant ☞401—Evidence and employer's answer having put in issue knowledge of injury, there was no variance because complaint alleged written notice (Code 1923, §§ 7568, 7569, 7578).

Where, though verified complaint of workmen's compensation claimant under Code 1923, § 7578, alleged that notice of injury was given to employer as required by sections 7568, 7569, which required written notice, no evidence of such notice was offered; but employer's answer put in issue fact of its knowledge of the injury, the alternative requirement of section 7578, and the evidence and finding of fact were directed to that issue, no question of variance arose.

2. Master and servant ☞412—Variance between compensation claimant's complaint, alleging written notice of injury, and proof of actual knowledge, cannot be raised first in Supreme Court (Code 1923, §§ 7568, 7569, 7578; Circuit Court Rule 34).

Where evidence was offered by both sides in workmen's compensation case on question of employer's knowledge of injury within meaning of Code 1923, § 7578, without objection because of variance from verified complaint alleging the giving of written notice under sections 7568, 7569, and the matter of variance was not otherwise raised so as to call for amendment in court below, it cannot be raised in Supreme Court under circuit court rule 34.

3. Master and servant ☞405(1)—Evidence held to warrant finding employer had actual knowledge of employee's injury (Code 1923, § 7578).

In proceedings under the Workmen's Compensation Law (Code 1923, § 7534 et seq.) for injuries, evidence held to warrant finding that employer had actual knowledge of the injury within Code 1923, § 7578.

4. Master and servant ☞398—Mere verbal notice of injury is no evidence of employer's actual knowledge within compensation statute (Code 1923, §§ 7568, 7569, 7578).

Under Code 1923, §§ 7568, 7569, requiring written notice of injury to be given employer by compensation claimant, and section 7578, providing alternative requirement of employer's actual knowledge of injury, a verbal notice of the injury standing alone cannot be said to be any evidence of knowledge, since so to hold

would virtually strike from the statute the requirement of notice in writing.

5. Master and servant ☞398—"Knowledge" of injury does not require accident to occur under eye of employer, or his alter ego (Code 1923, §§ 7568, 7569, 7578).

In view of the liberal construction given to the Workmen's Compensation Law (Code 1923, § 7534 et seq.), the "knowledge" of injury required to be possessed by employer by Code 1923, § 7578, as alternative to the requirement of sections 7568, 7569, for written notice, will be construed in the sense in which it is used in ordinary parlance, and does not mean that accident must occur under the eye of the employer or his alter ego nor that the injured employee may not be the mover in bringing it to employer's knowledge.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Knowledge.]

6. Master and servant ☞412—Trial court's finding on issue of. employer's actual knowledge of injury to employee is conclusive if supported by any evidence (Code 1923, § 7578).

Where there is any legal evidence of employer's actual knowledge of injury to employee within Code 1923, § 7578, the finding of the trial court thereon is conclusive, as on other issues.

Petition of the American Radiator Company for certiorari to the circuit court of Jefferson county to review the finding and judgment of that court in a proceeding under the Workmen's Compensation Act by Ramon Andino against the petitioner. Petition denied. Affirmed.

The finding of fact by the trial judge is in part as follows:

"(1) For more than six years defendant has operated a radiator manufacturing plant in Jefferson county, Ala., and on the 9th of. April, 1926, and for six years prior thereto has employed petitioner as a workman in said plant, and petitioner while so employed in March, 1926, while engaged in stamping some sand in some moulds, injured the big toe of his right foot, causing said foot to become sore and swollen, and to continue in this condition until April 9, 1926, by reason of his continuing to work with his foot in said condition, during which time his foot was treated by defendant company's physician and surgeon.

"(2) In order to ease his said foot, he cut slits in his right shoe, and, while dumping a mould of very hot sand, while at work in defendant's said plant on said 9th of April, 1926, some of said sand fell on his sore foot and burnt the same through the slits he had cut in his shoe, and, as a result of said burns on his said sore foot the same became so sore, inflamed and swollen and in such a diseased condition that he had to quit work entirely about a week or ten days later, and about three weeks later was sent to the Hillman Hospital in Birmingham, where ten days later his right foot on advice of the hospital surgeon was amputated. The court accordingly finds that the said loss of said foot resulted from an accident arising out of

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and in the course of petitioner's said employment, and it was admitted by defendant that both parties were under the Workmen's Compensation Law, while petitioner was employed by defendant. Petitioner told his foreman of said accident the next day after it happened, and defendant had knowledge of same and of said amputation within 24 hours after they occurred."

London, Yancey & Brower and Frank Bainbridge, all of Birmingham, for appellant.

Testimony merely that the employee told the surgeon that he had hurt his foot was not sufficient notice or knowledge as required by the statute. Poe v. Pate, 216 Ala. 264, 113 So. 234; Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756.

S. R. Hartley, of Birmingham, for appellee.

On review of a compensation case, if the findings or conclusions of the trial court are supported by any evidence, certiorari will be denied and the judgment affirmed. Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97; Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649. Where the defendant has actual knowledge of an injury to an employee, statutory notice is not required. Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756.

BOULDIN, J. Certiorari to review award of compensation under the Workmen's Compensation Law (Code 1923, § 7534 et seq.).

[1] Paragraphs 1 and 2 of the findings of fact by the trial judge are set out in the report of the case. The verified complaint under section 7578 alleges notice was given as per sections 7568 and 7569 of the Code. This means a notice in writing conforming to the requirements of those sections. No evidence of such notice was offered. But the answer denied and put in issue the fact of knowledge, the alternative requirement of section 7578, and the evidence and finding of fact was directed to that issue. No question of variance, therefore, arises.

[2] Moreover, evidence being offered on both sides on the question of knowledge of the employer, without objection because of variance, and the matter of variance not being otherwise raised so as to call for amendment in the court below, it cannot be raised here. Such is the rule in ordinary suits at law. Circuit court rule 34. A severer rule will not be applied in summary proceedings of this character.

The evidence presented a clear issue of fact as to whether the injury finally resulting in the loss of plaintiff's foot was the result of accident arising out of and in the course of employment as found by the court, or as a result of Raynaud's disease, admittedly a rather rare disease of the foot.

[3] Besides facts set forth in the court's finding in support of his conclusion that the employer had knowledge of the injury, the evidence of the foreman was that he saw plaintiff limping while at work, saw his shoe was slit, and saw the toe inflamed and discharging pus. While he denies plaintiff told him of the accident, it appears from the testimony of the surgeon, Dr. Donald, that it was so reported to him.

[4] Our statute makes a distinction between knowledge and mere notice. The latter, it is expressly declared, must be in writing. So a verbal notice, standing alone, cannot be said to be any evidence of knowledge. So to hold would virtually strike from the statute the requirement of notice in writing.

[5] But it does not follow the accident must occur under the eye of the employer or his alter ego; nor that the injured employee may not be the mover in bringing it to the knowledge of the employer. In view of the liberal construction given such statute, knowledge of the injury will be construed in the sense used in ordinary parlance.

In Northfield v. District Court, 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, 866, it was said:

"Relator's mayor and street commissioner were informed immediately after the accident that respondent, whom they knew, had received an injury (which they saw) while in the employment of and working for the city. The record presents a case of actual knowledge by the employer of the occurrence of the injury. The knowledge of the mayor is the knowledge of the city. The statute does not require a written notice where the employer has actual knowledge. Section 8213, G. S. 1913; State v. District Court of St. Louis County, 129 Minn. 423, 152 N. W. 838."

See, also, Crookston Lumber Co. v. Dist. Court, 132 Minn. 251, 156 N. W. 278; Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756; In re Murphy, 226 Mass. 60, 115 N. E. 40; Van Treeck v. Traveler's Ins. Co., 157 Ga. 204, 121 S. E. 215; Allen v. City of Millville, 87 N. J. Law, 356, 95 A. 130; Lachance's Case, 121 Me. 506, 118 A. 370; 28 R. C. L. p. 826, 1 Schneider, § 543.

[6] Where there is any legal evidence of actual knowledge, the finding of the trial court is conclusive as on other issues.

The evidence of plaintiff in connection with that of the foreman furnished sufficient data to support the finding of the court as to date of the injury, which date saved the action from the bar of the statute of limitations. We see no reason to disturb the judgment in this case.

Petition denied, and judgment affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.