SEAMAN BODY CORPORATION, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 10—November 9, 1932.*

322

For the appellant there was a brief by *Fawsett & Shea* of Milwaukee, and oral argument by *Edmund B. Shea.*

For the respondent Industrial Commission the cause was submitted on the brief of the *Attorney General* and *Mortimer Levitan,* assistant attorney general.

FAIRCHILD, J. The Industrial Commission found that some time during the month of August, 1928, the applicant was in the employ of the appellant and while he was performing services growing out of and incidental to his employment a piece of steel entered his left eye; that prompt notice of the injury came to the appellant, who furnished medical and surgical treatment in part. There is evidence which, if believed by the commission, supports the findings of the Industrial Commission and these findings in turn support the interlocutory award.

The accident to plaintiff was first reported in writing to the employer fifteen months after it happened, and there was no other notice to the employer except that which came to it by reason of the applicant's asking the company's doctor, shortly after the happening of the events which are claimed to constitute the accident in this case, for medical aid for the eye. In justice to employers there must be a time when, if no notice has been given, a claim for compensation should be barred. The statute as it was at the time of this accident provided for the giving of a written notice by the injured person or some one in his behalf within thirty days after the

occurrence of the accident, but provided that if it is found as a fact in the proceedings for collection of the claim that within the thirty-day period actual notice of the injury was given to the employer, failure to give such written notice would not bar recovery.

The evidence shows beyond question an injury to the eye, and there is substantial credible testimony to the effect that this injury occurred under circumstances that did not alarm the injured employee or cause him to suspect that anything of consequence had occurred. Dr. Chapman testified: "Penetration of a foreign body into the iris of the eye occurs comparatively frequently. It is possible for a foreign body of the size we have in this case to penetrate a man's eye without his realizing it at the time." Thus the injured man's description of the occurrence and his reason for failing to give written notice is justified and explained. Nevertheless, under the findings, the applicant is without his remedy unless the actual notice mentioned in the statute can be said to have been given.

Of course if the injured man had realized, at the time this piece of steel entered his eye, just what had happened, or if the company's medical department had discovered the difficulty when treating Erb's eye within the thirty days after the accident, a more satisfactory situation would be presented, but Erb did not realize the trouble that had come to him, and when the injured member was before the employer for treatment the employer did not see the trouble that was there. After the injured eye was exhibited to the employer, nothing seems to have occurred until a period of time had passed during which a disturbance to the eye might reasonably be expected; and at this time the applicant, of the opinion that he needed glasses, although in no way associating his difficulty with what had occurred at the Seaman Body plant in August, 1928, had Dr. Chapman examine the eye in Novem-

ber, 1929. The injury to the eye and the cause thereof was for the first time then discovered. It thus appears that Erb did not know until then that an accident carrying consequences of any degree of severity had happened to him and to some extent explains or tends to explain why the actual notice of the injury was permitted to go to the employer without important details being called to its attention by the employee.

The findings in this case are more specific and the evidence is more direct in pointing out the source of the trouble and its relation to the injury than were the findings and the evidence in the case of *Voelz v. Industrial Comm.* 161 Wis. 240, 152 N. W. 830. There the findings were to the effect that "the particles . . . received in the eye might have been infected, or, with the eye inflamed, it might have become infected by rubbing it with an infected cloth or washing it in infected water, or in other ways." Here, where the employee's testimony has been accepted by the commission, it appears that a piece of steel entered the eye and that this is responsible for the existence of the present condition. While some of the actions of applicant are hard to understand, still the findings in this case accept the employee's conduct in having placed the injured member before the employer within the thirty-day period as a verity as doing all that he could do except making some statement at that time concerning the particles striking his face. The fact that both employer and employee would have had a more favorable opportunity to ward off serious results had the seriousness of the accident been known earlier, does not alter the situation. In considering the position of the parties considerable importance must be attached to the fact that the injured eye was before the employer for its examination within thirty days from the time the piece of steel entered the eye. The law provides that failure of formal notice shall not be a bar if within the

thirty-day period following the accident actual notice of the injury is given. The full effect and consequence of the accident were displayed to the employer within the thirty-day period and adequate examination of the eye at that time would have disclosed the presence of the piece of steel. Actual notice may exist where the employer is given possession of facts which show him to be conscious of having the means of knowledge although he does not use them. Had the injured man been more suspicious of the circumstances he would undoubtedly have given the written notice. On the other hand, had the employer followed up the inquiry which the frequency of eye accidents in industrial plants and the condition of the eye warranted it would have been fully advised. In *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 233 N. W. 772, there was very slight notice of the fact that the workman was suffering from an occupational disease. The notice was gleaned from an application on the part of the workman for a job which would keep him outside. It was there held that, while the notice was far from satisfactory and informal, the evidence was sufficient to sustain the finding of the commission that the employer had actual notice within the meaning of the statute. It appears that there is substantial credible evidence in support of the finding as to prompt notice; for the employer had before it the exact condition of the eye within the thirty-day period, which in this case amounted to actual notice.

*By the Court.*—Judgment affirmed.