148 So. 309

## GREAT ATLANTIC & PACIFIC TEA CO. v. DAVIS.

### 6 Div. 332.

Supreme Court of Alabama.
May 18, 1933.

H. L. Findley, of Tuscaloosa, for appellee.

H. A. & D. K. Jones, of Tuscaloosa, for appellant.

BOULDIN, Justice.

The main question here involved is whether the death of the "employee was caused by an accident" within the meaning of the Workmen's Compensation Law (Code 1923, § 7534 et seq.).

Appellant insists there was no legal evidence to support a reasonable inference of any causal connection between the alleged accident and the death of the employee.

The question of law thus raised may be presented by bill of exceptions setting out the evidence before the trial court.

On consideration of the evidence we find it supports reasonable inferences to the following effect: Mr. Davis, the employee, was afflicted with a chronic valvular disease of the heart, not usually fatal, but liable to become acute and dangerous from overexertion, traumatism, or shock.

Apparently in good health, he worked regularly at his employment in a grocery store and meat market of appellant. While operating an electric sausage grinder he received an electric shock of such violence as to visibly affect his appearance. He returned to his work later in the day, and so continued for a day or two, but suffered with headache, dizziness, and vomiting. After three days he was confined to his bed, and growing worse, died on the seventh day after the injury. The immediate cause of death was this valvular heart disease.

The evidence of the physicians and textwriters, or portions of such evidence, to say the least, tended to support a reasonable inference that the electric shock accelerated the heart disease, and caused death at the time it came.

The trial court, upon a finding in keeping with this line of evidence, properly awarded compensation. Crescent Coal Co. v. Simmons, 217 Ala. 367, 116 So. 512; New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; Southern Cement Co. v. Walthall, 217 Ala. 645, 117 So. 17; Stith Coal Co. v. Alvis, 224 Ala. 603, 141 So. 663; Goslin-Birmingham Mfg. Co. v. Gantt, 222 Ala. 321, 131 So. 905.

Evidence further tended to show the manager of the store was present, and learned of the accident and its nature immediately after its occurrence, and later called on Mr. Davis at his home.

This was sufficient on the question of notice or actual knowledge of the injury. Ex parte Stith Coal Co. (Grimes v. Stith Coal Co.), 213 Ala. 399, 104 So. 756; American Radiator Co. v. Andino, 217 Ala. 424, 116 So. 121.

The motion for a new trial because of newly discovered evidence was based upon a repudiation and retraction, by a witness for plaintiff, of his evidence on the stand, supported by his affidavit of the falsity of such testimony. On the hearing a counter affidavit repudiating such retraction was presented. The witness was then examined orally before the court touching these performances, and adhered to his original testimony.

The court permitted quite a full inquiry into the motives prompting this conduct of the witness, as well as the freedom of the parties from blame in the premises.

In dealing with the entire matter going to the impeachment of this witness, whose testimony was cumulative, not the sole evidence for plaintiff on any essential point, the trial court was in position to revalue the evidence, as if presented on a new trial, in which the court, without a jury, would continue to be the trier of fact. We see no reason to reverse his judgment overruling the motion for a new trial.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.