155 So. 629

## SLOSS-SHEFFIELD STEEL & IRON CO. v. FOOTE.

### 6 Div. 487.

Supreme Court of Alabama.
May 10, 1934.

Rehearing Denied June 28, 1934.

Harsh, Harsh & Hare, of Birmingham, for appellee.

BOULDIN, Justice.

This is a workmen's compensation case.

Without dispute, there was no written notice of the accidental injury for which compensation is claimed as required by Code, §§ 7568, 7569.

The one question presented is whether the employer had "actual knowledge" of the injury, within the meaning of the law.

The trial court's finding of facts is in these words:

"Petitioner J. H. Foote, now 64 years of age, was employed by defendant on July 28, 1932, and for more than 30 years prior thereto as a carpenter and while engaged on the

Bradley, Baldwin, All & White and W. M. Neal, all of Birmingham, for appellant.

afternoon of July 26, 1932, repairing the floor of one of defendant's houses in Birmingham, Jefferson County, Alabama, some foreign substance was accidentally driven in his right eye. The following day he reported to the company surgeon and physician for treatment, and informed him of his eye being injured and the circumstances under which said injury was received. Petitioner had been instructed by defendant, and it was customary for defendant's employees, to report the fact of accidental injuries to said surgeon and physician, who customarily reported same to defendant—said surgeon and physician examined petitioner's eye and sent him for treatment to an eye specialist in said city.

"Petitioner accordingly reported to said specialist for treatment of said eye and was treated by him off and on until January, 1933, when he removed plaintiff's said eye."

It will be seen there is no express finding of actual knowledge, but we assume the trial court deemed the facts found to be equivalent thereto.

A bill of exceptions is presented setting out all the evidence. This is allowable where the court's finding is too general or omissive, or to show an entire want of evidence tending to prove an essential fact.

Without dispute, it appears the eye specialist had no connection with the employer in receiving or communicating notice or knowledge of injuries to employees. The trouble causing the loss of the eye was glaucoma, which may result from many causes. The only knowledge imputable to the employer in this case was that coming to the company physician, whose duty was to report same.

This physician denies any report of an accident to him; testifies he was under obligation to treat employees for ailments whether arising from accident or otherwise; that, not being an eye specialist, arrangements were made with one to treat such patients; that plaintiff merely reported to him that he had trouble with his eye. No record was made, as was his duty in accident cases, and no report made to the company.

We take it, however, that in course of examination the plaintiff did give evidence tending to show he gave verbal notice to the company physician that he "received a specified injury in the course of his employment on or about a specified time, at or near a cer-

tain place specified." Code, § 7569. These are the essential facts of a written notice or of the "actual knowledge" which is its equivalent.

The plain issue, therefore, is whether a verbal notice from the employee, without more, can be held to import actual knowledge.

This court has considered that question carefully and answered in the negative. To so hold is to virtually strike down the statute expressly requiring it to be in writing as a condition of liability. A written notice lessens the chance for a controversy as to whether it was given at all, and settles the matter of its contents, its sufficiency in giving the facts.

To illustrate, in this case there is no witness, other than plaintiff, that he received an injury. His fellow employee working with him at the time disclaims any knowledge thereof. The physician denies any claim of an accident was made to him. The suit was brought just short of the bar of the statute of limitations.

It is not a question here as to who is correct in his testimony. This court does not review that question.

But these reflections are pertinent when thinking of the safeguards provided by law, the giving of prompt notice in a prescribed manner that the claim may be investigated and adjusted.

What constitutes "actual knowledge" is scarcely capable of more exact definition than the words import. Each case must be determined on its own facts.

We must hold, as heretofore declared, that a mere verbal notice, no more than a claim of accidental injury in course of employment, is not actual knowledge within the meaning of the law. Sloss-Sheffield Steel & Iron Co. v. Keefe, 217 Ala. 409, 116 So. 424; Id., 216 Ala. 379, 113 So. 400; American Radiator Co. v. Andino, 217 Ala. 424, 116 So. 121; Great Atlantic & Pacific Tea Co. v. Davis, 226 Ala. 626, 148 So. 309; Ex parte Stith Coal Co. (Grimes v. Stith Coal Co.), 213 Ala. 399, 104 So. 756; Alabama Marble Co. v. Jones, 217 Ala. 300, 116 So. 147; Poe v. Pate, 216 Ala. 264, 113 So. 234; Ex parte Big Four Coal Mining Co., 213 Ala. 305, 104 So. 764; note, 78 A. L. R. p. 1258.

Writ granted; reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.