164 So. 379

## SLOSS–SHEFFIELD STEEL & IRON CO.
### v. FOOTE.
### 6 Div. 656.

Supreme Court of Alabama.

Nov. 7, 1935.

Rehearing Denied Dec. 12, 1935.

Bradley, Baldwin, All & White and W. M. Neal, all of ·Birmingham, for petitioner.

276

Harsh, Harsh & Hare, of Birmingham, for respondent.

FOSTER, Justice.

This is a second appeal, and the facts are stated in the first, except as here noted. 229 Ala. 189, 155 So. 629.

The record on this appeal shows that based on additional evidence, the trial court found the facts as there stated with the further facts that it was the duty (as well as the custom) of the company surgeon to report to defendant the facts and circumstances of an injury to an employee who called on him for treatment of such an injury, and as told to him by the employee; and further that when this plaintiff went to the surgeon of defendant the next day after his injury, his eye was very red and inflamed, and the surgeon saw and knew said eye was injured.

In our case of Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756, 757, the subject of notice was fully treated, to the extent it is required by the Workmen's Compensation Law. It was there pointed out that section 19 of the act, section 7568, Code, requires written notice with no other alternative. That while our act was taken from that of Minnesota (Laws 1913, c. 467, § 19), that feature of which is similar to ours provides that written notice is not essential if the employer has actual knowledge of the injury, while there is no such alternative in ours. But that sections 7578 and 7566, Code, show that a proper interpretation should supply it in section 7568 also, and it was so interpreted. That is, the Alabama act was held to mean the same in that respect as the Minnesota act, so that written notice is not essential under section 7568, Code, if the employer has actual knowledge of the injury within the time in which written notice is necessary.

But as we have pointed out, verbal notice alone is not the same as actual knowledge of the injury. This was emphasized on former appeal, in which our cases to that effect are cited.

On former appeal the finding does not show that the inflamed condition of plaintiff's eye existed, nor that the surgeon saw and knew such condition. So that we have now a case where the surgeon had knowledge by his own personal observation that plaintiff's eye was in fact injured. That is actual knowledge by him of the injury, not how it occurred.

■ The facts show that plaintiff was so injured in the course of his employment and arising out of it. He had been instructed by defendant, if it should occur, to report in person to the company surgeon, whose duty it was then to make report to defendant. The surgeon was thereby constituted defendant's agent to receive notice and his knowledge acquired in the line and scope of his employment was the knowledge of defendant. Tennessee Coal, I. & R. Co. v. Pope, 21 Ala.App. 183, 107 So. 735; Id., 214 Ala. 383, 107 So. 736.

■ The Minnesota act does not require written notice if the "employer shall have

actual knowledge of the occurrence of the injury." Section 8213, G.S. Minn. 1913; Kraker v. Nett, 148 Minn. 139, 180 N.W. 1014.

Section 7578, Code, refers to "knowledge of the employer of the injury." Section 7566, Code, makes the proviso, "unless the employer has actual knowledge of the injury."

In State ex rel. Crookston Lumber Co. v. District Court, 132 Minn. 251, 156 N.W. 278, it was held that there may be actual knowledge as contemplated by the act without an understanding of the seriousness of the injury.

In Great Atlantic & Pacific Tea Co. v. Davis, 226 Ala. 626, 148 So. 309, this court held that defendant had actual knowledge since the manager of the store in which the injury occurred was present and learned of the accident, and its nature, immediately after its occurrence. It does not appear that he saw it. This doubtless means that he saw that plaintiff was injured and was told of the circumstances, for he did not see them, as we judge from the opinion.

In the case of Kraker v. Nett, supra, the Minnesota court held that defendant had actual knowledge because two or three days after the accident he went to his employer and demanded settlement for the work he had done. They had an altercation, in which he stated, "I lose my eye through the work and you don't want to pay me for what I have earned," and that his affection of the eye was plainly visible. To the same effect is the case of State ex rel. City of Northfield v. District Court, 131 Minn. 352, 155 N.W. 103.

Other authorities do not seem to require that the actual knowledge necessary must include all the requirements of the written notice; that is, to know at first hand that the injury arose out of and in the course of the employment. Seaman Body Corporation v. Industrial Commission, 209 Wis. 321, 245 N.W. 68; Markoff v. Emeralite Surfacing Products Co., 190 Minn. 555, 252 N.W. 439; Crowley v. Idaho Industrial Training School, 53 Idaho, 606, 26 P.(2d) 180.

In Tennessee Coal, I. & R. Co. v. Pope, supra, the employer's agents in authority did not see the occurrence, but the employee reported it to his foreman in a few minutes, and he was then sent to the surgeon who examined him.

It is said in our case of Ex parte Stith Coal Co., supra: "If the injury occur under the eye of the employer, or if all the facts are brought to his knowledge [how is not here stated] within the time written notice is required, he can suffer no injury."

Many cases hold that actual knowledge does not necessarily mean that acquired first hand, as by the employer seeing the accident. American Radiator Co. v. Andino, 217 Ala. 424, 116 So. 121; Bartlett's Case, 125 Me. 374, 134 A. 163; Allen v. City of Millville, 87 N.J. Law, 356, 95 A. 130; Id., 88 N.J. Law 693, 96 A. 1101. But if some other employee of defendant witnessed the occurrence and at once reported it to one in authority, and he acted on it, the cases seem to agree that defendant had knowledge sufficient to · dispense with written notice. 78 A.L.R. 1258; 92 A.L.R. 512.

A verbal notice to the employer or one in authority by the injured employee, and no more, is in the teeth of the requirement of written notice. But when the employee at once presents himself to the company surgeon pursuant to instructions of a general nature given by the company to its employees, and his physical condition manifests the recent occurrence of an injury, and he informs the surgeon in connection with his request for treatment that his injuries arose out of and in the course of his employment, or stated to him the circumstances of the occurrence, and those circumstances showed that to be true, we think, in accord with what seems to be the current of opinion in the other states, that the surgeon thereby acquires the actual knowledge necessary to dispense with the statutory notice, and that his knowledge is that of the employer.

In the instant case the employee was injured late in the afternoon of the last day before the work was shut down, not sufficient to cause him to stop work, and he reported the next day to the company surgeon when his eye was red and inflamed and when the surgeon examined it, and saw that it was so. He had been working for the company for thirty-four years as a carpenter, and knew the custom and instructions to employees when they were injured while engaged in their work, and he carried out these instructions, and did it at once, the next day. When he presented himself to the surgeon, the latter saw the inflamed eye first hand, and plain-

tiff told him then and there the circumstances which showed that it arose out of and in the course of his employment.

Those are the facts in substance as found by the court, and there was evidence to support them. On this review, they are not therefore to be questioned. We agree with the ruling of the court that the statute was complied with. No other question is argued.

Affirmed.

GARDNER, BOULDIN, and BROWN, JJ., concur.