CRUCIBLE STEEL CASTING COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*February 7—March 3, 1936.*

*Charles H. Gorman* of Milwaukee, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Griebler there was a brief by *Joseph A. Padway,* attorney, and *L. A. Tarrell* of counsel, both of Milwaukee, and oral argument by *Mr. Tarrell.*

FOWLER, J.  The action was commenced to vacate an award of the Industrial Commission of death benefits to the widow of an employee of the plaintiff company who died from tuberculosis found by the commission to have resulted from silicosis sustained while in the employment of the company.  The circuit court confirmed the award.

The appellants claim that there is no evidence to support the findings of the commission, (1) of notice to the employer that the employee was afflicted with silicosis, and (2) no evidence to support the finding that he was so afflicted.

(1) The employee died January 2, 1929.  His last date of employment was December 28, 1928.  He had been in the employ of the appellant company several years and exposed to silica dust during the whole period.  On March 6, 1928, the employee was examined by a company doctor at

the request of the employer, induced by the fact that the deceased, who was employed by the month, had been absent a good deal because of sickness. The doctor reported that the employee had advanced tuberculosis in both lungs, but stated in the report that the condition was not serious and that he so informed the employee. The employer thus had actual notice within thirty days of the time of the examination that the employee had tuberculosis, and thus had actual notice of the silicotic condition, if the tuberculosis was in fact due to silicosis.

Sec. 102.12, Stats. 1927, which governed the matter of notice at the time of the employee's examination, provided that a notice in writing be given to the employer within thirty days from the time the injury upon which claim for compensation was based was received, but also provided that recovery should not be barred if within the thirty-day period actual notice of the injury was given to the employer. The injury involved in the instant case was presence of silicosis. The "actual notice" as distinguished from the "written notice" of the statute "may exist where the employer is given possession of facts which show him to be conscious of having the means of knowledge although he does not use them." *Seaman Body Corp. v. Industrial Comm.* 209 Wis. 321, 326, 245 N. W. 68. "In case of disability, which is the result of an occupational disease, suffered because of working under conditions which are well known to result commonly in such disease, sufficient actual notice of injury may be inferred under such facts and circumstances as existed in *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 146, 147, 233 N. W. 772." *Van Domelon v. Industrial Comm.* 212 Wis. 22, 249 N. W. 60. There is no question that the company on March 9, 1928, had knowledge, and therefore notice, of the actual condition of the defendant that caused his death on January 2, 1929. The com-

pany manager did not know, or claims he did not, that this condition was due to silicosis, as distinguished from tuberculosis. But he knew of his prior absences on account of sickness, and knew of his prior long exposure to dust in the plant. It is stated in the *Zurich Case, supra:*

"It is a matter of common knowledge that such [dusty] occupations give rise to lung troubles, and that a continued exposure increases the difficulty and greatly diminishes the chances of recovery."

This common knowledge is imputed to the company. The company surmised that the condition of the deceased was due to his work because they told their doctor, who examined him at their request and their expense, to treat him if necessary. In the *Zurich Case,* a request by the employee that he be given work where he would not be subjected to dust, in connection with knowledge of the employer of the nature of the employee's work, was held to constitute sufficient notice under the statute involved. The inference of the "actual notice" required by the statute seems to be as well supported in the instant case, as was the like inference in the *Zurich Case.* The correctness of this view, of course, rests upon the hypothesis, here assumed as the fact, that the tuberculosis with which the employee was afflicted in March was caused by silicosis. Whether that assumption is proper depends upon whether the finding of the commission that it was so caused has support in the evidence, which is involved in appellant's second assignment of error.

(2) The fact here involved rests upon the testimony of Dr. Schlomovitz that in his opinion the deceased "had advanced silicosis, complicated by tuberculosis finally terminating in characteristic heart failure," and the partially corroborating statements of the other physicians who testified to the effect that, while they could not from the X-ray skiagraphs taken at the time of the employee's physical examination say definitely that silicosis then existed, nodules indi-

cated in the skiagraphs may have been due to silicosis. The fact that the condition of "active tuberculosis" found by the company physician to exist in March culminated in death on January 2d next following, indicates quite clearly that the physician's statement that the condition was "not at all serious" was erroneous. The report of the physician to the company did not state or indicate that the condition was not in fact due to the occupation of the deceased. Dr. Schlomovitz explained fully upon what he based his opinion above stated, and these matters were sufficiently established by the evidence in the case. We are of opinion that the finding of the commission must be sustained. Where "there is a difference of opinion between experts as to the cause of the sickness, it is for the Industrial Commission to make a finding as to such contested matter, and unless such finding is clearly against all the credible testimony, or so inherently unreasonable in itself as not to be entitled to any weight, the conclusion arrived at by the commission is final." *A. D. Thomson & Co. v. Industrial Comm.* 194 Wis. 600, 602, 603, 217 N. W. 327. It is to be noted that the testimony of the physicians produced by the appellants is negative in its character. The physician who made the examination in March merely testified from what he then found and the skiagraphs then made. The others based their testimony on the skiagraphs. None of them, like Dr. Schlomovitz, gave an opinion on all the facts disclosed by the evidence assumed in the hypothetical question put to him, as to whether the man did or did not have silicosis, or tuberculosis superimposed on silicosis, at the time of his examinations.

*By the Court.*—The judgment of the circuit court is affirmed.