173 So. 86

## VIRGINIA–CAROLINA CHEMICAL CO. v. CHERRY.

### 4 Div. 932.

Supreme Court of Alabama.

March 11, 1937.

O. S. Lewis, of Dothan, for appellant.

Martin & Jackson, of Dothan, for appellee.

FOSTER, Justice.

This is a proceeding under the Workmen's Compensation Law (Code 1923, § 7534 et seq.).

The court found that on December 27, 1934, plaintiff was employed by defendant in its acid chamber, and while so engaged a pipe dropped on his foot and acid burned his foot and leg severely, but that plaintiff continued to work, and on January 3, 1935, when he had quit work for the day and was in the washroom, his foot was inflamed and swollen, and defendant's manager, Mr. Beall, was in there, and plaintiff showed him his foot, and that the acid in the plant had gotten on his foot and it was inflamed so he was not using the bath; that Mr. Beall looked at it and told him to see a doctor about it. This he did on the next day and received treatment, and was able to work until January 11th, when he went to bed and was totally disabled to perform any work until December 14, 1935. The court also found that his injuries were received while employed by defendant in the line and scope of his employment, and that they were occasioned by an accident arising out of and in the course of his employment with defendant; that defendant had actual knowledge of the injury as required by law.

It does not appear that written notice was given. The question thus presented is whether the evidence justifies the finding of actual knowledge by defendant.

We think the evidence shows a similar situation in legal effect to that discussed and declared in Sloss-Sheffield Steel & Iron Co. v. Foote, 231 Ala. 275, 164 So. 379. It is to be noted that in both instances it was not simply a situation where verbal notice was given the employer of the injury.

But here is where defendant by its manager has personal observation that an injury has occurred to the employee: This was observed when the employee was on defendant's premises, soon after work hours had ceased, and where there were other employees of defendant similarly engaged, and within a few days after the accident occurred. The employee was engaged in a sort of employment which would not improbably cause such an injury; and in the conversation with defendant's manager he was verbally told how the injury occurred, and advised the employee to seek medical aid.

The knowledge of the manager is knowledge of defendant. Modern Order of P. v. Childs, 214 Ala. 403, 108 So. 23; Sheip v. Baer, 210 Ala. 231, 97 So. 698; Great Atlantic & Pacific Tea Co. v. Davis, 226 Ala. 626, 148 So. 309; 71 Corpus Juris 993, § 771. It is not necessary in order to have actual knowledge, as we pointed out in the Foote Case, supra, that the defendant or its manager shall have seen the occurrence. But it is sufficient if he observes the injuries upon the person of the employee under circumstances which are known to him, and which are sufficient to impress a reasonable man that they were the result of an accident which arose out of and in the course of his employment by defendant. Section 7544, Code. This is the equivalent of actual knowledge of those facts. 71 Corpus Juris, 990, 991, § 769; p. 992, § 770; Sloss-Sheffield Steel & Iron Co. v. Foote, supra. Further information may be sought and obtained at the discretion of the employer.

The trial court found that the employer had the required actual knowledge. We think the facts stated in such finding, as shown by the evidence, are sufficient to support that finding. That is the only question presented by appellant.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.