20 So.2d 591

**NASHVILLE BRIDGE CO. v. HONEYCUTT.**

6 Div. 305.

Supreme Court of Alabama.

Jan. 18, 1945.

Sadler & Sadler, of Birmingham, for appellant.

Lipscomb & Lipscomb, of Bessemer, for appellee.

THOMAS, Justice.

Petition for writ of certiorari under the Workmen's Compensation Act.

The material averments of the petition and the decision of the trial court will constitute appropriate parts of the statement of facts.

The defendant offered no testimony. The trial court heard petitioner's oral testimony and there was no written notice of injury given within ninety days thereof.

The decree, entered on October 26, 1944, contains a finding of facts and conclusions of law. It is appellant's contention on this appeal that the finding of facts is not supported by the evidence and, accordingly, there is in the record a transcript of the evidence heard by the trial judge; and that the conclusions of law are not supported by the finding of facts.

There is the question presented, was there "actual knowledge of injury" within the meaning of the statute? Code 1940, Tit. 26, § 279 (B) 1, (C) 1 and 6, (F) 1, and (H). The findings of fact and the conclusions of the trial court on this issue are stated in the decree, and are in accord with the statute and our decisions. Each case must be determined on its own facts. Republic Steel Corp. v. Willis, 243 Ala. 127, 9 So.2d 297. The bill of exceptions

contains evidence showing the defendant or his agent with authority in charge had actual knowledge of the injury declared upon at the time the same occurred. Sloss-Sheffield Steel & Iron Co. v. Foote, 229 Ala. 189, 155 So. 629. The statutes and evidence are liberally construed in the use of common parlance employed, as to such knowledge if it is had within the period of the statute. American Radiator Co. v. Andino, 217 Ala. 424, 116 So. 121; Sloss-Sheffield Steel & Iron Co. v. Watts, 236 Ala. 636, 184 So. 201; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626.

In Sloss-Sheffield Steel & Iron Co. v. Foote, 231 Ala. 275, 277, 164 So. 379, 380, it is said: " * * * in our case of Ex parte Stith Coal Co., supra [213 Ala. 399, 104 So. 756, 757]: 'If the injury occur under the eye of the employer, or if all the facts are brought to his knowledge (how is not here stated) within the time written notice is required, he can suffer no injury.' "

The court will not look to the bill of exceptions to find the weight of the evidence, but only to ascertain if there was any reasonable view of the evidence to support the facts found. Warrior Stone & Contracting Co. v. De Foor, 241 Ala. 227, 2 So.2d 430; Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756. It is sufficient if the employer or those with authority acting for him observe injuries on employes under circumstances known to him, which are sufficient to impress a reasonable man that such injuries were the result of an accident arising out of and in the course of employment, and such knowledge was had within the time required for notice under the statute. Virginia-Carolina Chemical Co. v. Cherry, 233 Ala. 582, 173 So. 86.

There was no error of the trial court as to the finding of facts as to knowledge or notice of the alleged injury declared upon. There was no error in the finding that the plaintiff was suffering from a permanent partial disability.

We cannot take judicial knowledge this hernia could be cured by an operation that was not dangerous to life. True it is that Dr. Wright said he was of opinion that an operation would cure the plaintiff, but defendant did not offer to have the operation performed. Nor is it shown that it was not dangerous to life to undergo such operation or that plaintiff refused to submit or undergo such operation to be done by a competent surgeon offered for that purpose by the defendant.

There was evidence that supported the finding of the court that plaintiff was suffering from a permanent partial disability. Before this injury he did the master's service without the help and use of the mechanical contrivance found necessary to do that service after the injury. This is aside from his physical injury sustained while acting within the scope and sphere of his employment by defendant, and the inconvenience and pain when discharging and not discharging the same duties for which he was employed and which he was performing when injured.

In Malbis Bakery Co., Inc., v. Collins, 245 Ala. 84, 15 So.2d 705, it was held:

"Where employee's pelvic bone was fractured and was pushed upward and backward and sacroiliac junction was fractured 'with an anterior and posterior dislocation', employee did not come within schedule providing for 'loss of a leg' and did not suffer a permanent disability due to 'injury to a member', but that injury fell within provisions relating to 'all other cases' of permanent partial disability not theretofore mentioned. Code 1940, Tit. 26, § 279 (C), subds. 3, 6."

In Agricola Furnace Co. v. Smith, 239 Ala. 488, 491, 195 So. 743, 746, the case of Ex parte American Blakeslee Mfg. Co., 19 Ala. App. 547, 98 So. 817 (149 A.L.R. 419; 118 A.L.R. 732), was adverted to, and not approved by the just observation:

"Of course the fact the employee resumed his work may be considered for its evidentiary value in determining the percentage of disability, but the mere fact such work is resumed for a given time and at the same wage does not disentitle him to compensation, and these weeks are not due to be deducted. * * *

"In cases of partial permanent disability, not so enumerated, perhaps there is reason to consider earnings subsequent to the injury, and this would be especially applicable where compensation is based upon average weekly earnings as compared with average weekly earnings the employee is subsequently able to earn in his partially disabled condition, which are given reference in the very same paragraph in which is found the above-noted provision. * * *"

The annotations to the Agricola case, supra, contained in 149 A.L.R. pp. 415-424, supported by many citations from

the other states, Scotland and Canada, are to the effect that as a general rule the mere fact that after the injury the employee received or is offered his former wages or a larger sum will not by itself preclude recovery of compensation under the compensation statutes.

The general authorities collected in 71 Corpus Juris, p. 823, §§ 541–545, are to the effect that while it is generally true that no compensation can be had for partial disability, unless employee is as a result of the injury unable to earn as much thereafter as he did before, his actual earnings after the injury are not always to be taken as the basis as such wages are not conclusive on the question of earning power but the basis for compensation is generally such capacity to earn. There are authorities to the further effect that there may be compensation for disability though there is no immediate actual impairment of earning, if the employee's physical agency has been substantially impaired. The authorities are also to the effect that the fact that after the injury the employee had been taken back as soon as he was able to work and continued in his employment by his former employer is "inconclusive" as against impairment of his earning capacity. Such is the rule declared by the courts of California, Colorado, Kansas, Massachusetts, Montana, West Virginia, Wisconsin and England.

The reason for the rule stated in Gailey v. Peet Bros. Mfg. Co., 98 Kan. 53, 157 P. 431, is:

"If this employment relieved the defendant of liability, then any employer can escape liability for compensation by retaining the injured employé and paying him wages, although he may not be able to do as good work after the injury as he did before. An injured employé may not wish to continue to work for the one in whose employ he was injured, and because of his injury he cannot obtain as good wages in another place. The injured employé has a right to compensation for his injury. It does not matter that his employer continues to accept his services and pay him regular wages, unless that employment continues for the entire period for which compensation might be allowed. The act fixed the liability when the employé was injured. That liability can be discharged only in the manner directed by the statute."

The reasonableness of such holding was recognized by the trial court and stated in its decree. See Tennessee C. I. & R. Co. v. Shelby, 214 Ala. 87, 106 So. 499. We are of opinion that such is the view expressed in the Agricola Furnace Company case, supra. 71 Corpus Juris, p. 865; De Zeng Standard Co. v. Pressey, 86 N.J.L. 469, 92 A. 278, affirmed without opinion in 88 N.J.L. 382, 96 A. 1102; Luckenbach S. S. Co., Inc., v. Norton, 3 Cir., 96 F.2d 764; Blackford v. Green, 87 N.J.L. 359, 94 A. 401, affirmed 89 N.J.L. 357, 100 A. 1069; 17 A.L.R. 205.

The difficulty of fixing exact dates of extension of the respective disabilities and recovery therefor under the act is indicated in Ford v. Crystal Laundry Co., Inc., 238 Ala. 187, 189 So. 730, 127 A.L.R. pp. 1109-1111, and wherein the proximate cause of negligent treatment is held to extend the time of disability, the workman is entitled to recovery therefor. Nall v. Alabama Utilities Co., 224 Ala. 33, 138 So. 411; O'Quinn v. Alston, 213 Ala. 346, 104 So. 653, 39 A. L.R. 1263, Note.

It results from the foregoing that the decree of the circuit court is affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.