9 So.2d 297
### REPUBLIC STEEL CORPORATION v. WILLIS.

7 Div. 715.

Supreme Court of Alabama.

June 25, 1942.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellant.

Roberts & Cunningham, of Gadsden, for appellee.

LIVINGSTON, Justice.

This is an appeal from a judgment in favor of the employee under the Workmen's Compensation law, Code 1940, Tit. 26, § 253 et seq.

Without dispute, there was no written notice of the accidental injury for which compensation is claimed as required by sections 294, 295, Title 26, Code of 1940.

Two principal questions are presented: (1) Did the employee, Willis, suffer an accidental injury which arose out of and in

the course of his employment, and which proximately resulted in the loss of the index finger of his left hand? (2) Did the Republic Steel Corporation, the employer, have "actual knowledge" of the injury, within the meaning of the statute? The trial court's findings of facts, on these issues, are as follows:

"The court further finds from the evidence that the defendant went to his work as a millwright worker for the plaintiff company at Gadsden, Etowah County, Alabama, on the 24th day of May, 1941, and about 11:30 p.m. on said date, whilst the defendant was working at one of the plaintiff's mills, and while engaged in the performance of his usual duties of employment as such millwright worker, defendant's duty, among other things, was to brace plaintiff's machinery with large wooden blocks and to replace said wooden blocks with new ones when necessary; that whilst the defendant was replacing or adjusting said wooden blocks in the performance of his usual duties as such millwright worker, a splinter or small piece of wood stuck in his index finger on his left hand; that within a few minutes after defendant happened to said accident he informed one of his fellow workmen of said fact, and that the following morning the defendant was treated by plaintiff's nurse at the office of plaintiff, which was located near the plaintiff's mill on which defendant was working at said time; and that the plaintiff's foreman had actual knowledge of defendant's injury within two days after it occurred.

"The court further finds from the evidence that the defendant was treated by plaintiff's doctors at the Holy Name of Jesus Hospital located in Gadsden, Etowah County, Alabama, for said injury, within two weeks from the date he was injured, and that defendant's hospital bill and doctor bills were paid by plaintiff; and the court further finds from the evidence that the plaintiff company had actual knowledge of the said injury; that as a direct result of said injury defendant lost his index finger on his left hand; the court further finds from the evidence that the accident suffered by the defendant on the 24th day of May, 1941, was an accident arising out of and in the course of defendant's employment by the plaintiff company, and by virtue of which he is entitled to compensation as provided by the Workmen's Compensation Law enforced in this State."

■ A bill of exceptions is presented setting out all the evidence, which is permissible to show an entire want of evidence tending to prove an essential fact.

■ The bill of exceptions contains evidence tending to support the finding of the court that the employee, Willis, suffered an accidental injury which arose out of and in the course of his employment, and which proximately resulted in the loss of the index finger of his left hand.

On the question of "actual knowledge," the employee, Willis, testified that about the hour of eleven o'clock on the night of May 23 or 24, 1941, while he was working as a millwright on the eleven p.m. to seven a.m. shift at the plant of the Republic Steel Corporation, he stuck a splinter in his index finger of his left hand while he was attempting to move what is known as a "stretcher block"; that he did not go to the office of Dr. Powell at the emergency hospital on the grounds of the Republic Steel Corporation until about eleven-thirty or twelve o'clock the next day, although he knew the rules of the company then in force which required employees receiving injuries or involved in accidents to immediately report to the emergency hospital for treatment. He further testified that he suffered with this finger for some time, and, finally, on September 18, 1941, the finger was amputated at the Holy Name of Jesus Hospital in Gadsden, Alabama. That he was in the hospital on June 2, 1941, for treatment of the finger.

Willis stated several times in his testimony that he did not tell anyone how he got his finger hurt until on, or the day before, September 18, 1941, the date upon which the finger was amputated; that he did not tell anyone at the emergency hospital how the injury occurred until September 17, or 18, 1941; nor did he tell Dr. Powell how it happened. He stated he did not tell the doctors and nurses at the Holy Name of Jesus Hospital how the injury occurred. He further testified that the first time he told his foreman at the plant, Roy Brown, how he got his finger hurt was on the morning he went back and got his discharge from the hospital after the finger was amputated.

In addition, the bill of exceptions contains the following question and answer:

"Q. As a matter of fact, you purposely avoided telling anyone how you got your finger hurt until you told them on September 18, 1941? A. That's right."

The wife of Mr. Willis testified that Mr. Willis had never told her how his finger was injured.

The evidence further discloses, without dispute, that Mr. Willis received payments from the Metropolitan Life Insurance Company for injury to his finger under a policy providing for temporary disability benefits, which did not cover disabilities from injury or occupational diseases arising out of or in the course of any employment for wages or profit.

Mr. Willis testified that Dr. Powell, the physician for the Republic Steel Corporation, told him not to tell anyone how he hurt his finger, although he (Willis) had never informed Dr. Powell as to how the injury occurred.

Mrs. Willis testified that Dr. Powell helped her fill out the proper papers to collect her husband's insurance from the Metropolitan Life Insurance Company, and told her not to tell anyone how Mr. Willis hurt his finger. Dr. Powell denied these statements by Mr. and Mrs. Willis, but admitted he did help Mrs. Willis fill out the Metropolitan papers.

Dr. Powell testified that he supervised the treatment of Mr. Willis' finger at the emergency hospital, and that Mr. Willis told him that he hurt his finger at home "working around the chicken yard or something." That "he never did at any time tell me he suffered any injury while working in the plant."

Other witnesses for the employer testified that Willis told them he hurt his finger at home around the chicken yard or chicken coop. Sister Celine testified that Willis told her, in giving his history at the Holy Name of Jesus Hospital, that he hurt his finger at home, and she is corroborated by the hospital record.

The evidence discloses, without dispute, and Willis himself admits, that for a period of more than ninety days after the accident he concealed the fact that he was injured while engaged in the line and scope of his employment. The only knowledge imputable to the employer in this case was that coming to the employer's foreman, Roy Brown, and the company physician.

Without dispute, the doctors were under obligation to treat employees for ailments whether arising from accidents or otherwise.

■ What constitutes "actual knowledge" is scarcely capable of more exact definition than the words import. Each case must be determined on its own facts. This Court has repeatedly held that a mere verbal notice, no more than a claim of accidental injury in the course of employment, is not "actual knowledge" within the meaning of the law. Sloss-Sheffield Steel & Iron Co. v. Foote, 229 Ala. 189, 155 So. 629, and cases there cited.

The most that can be said from the evidence in this case is that the employer's foreman, Roy Brown, and the employer's doctors knew, within the ninety days period covered by the statute, that Willis had a sore finger because of having stuck a splinter in it. That the injury could have occurred at any time or place is of course perfectly obvious.

■ The essential facts necessary to constitute "actual knowledge," which this Court has held to be the equivalent of the written notice required by the statute, is knowledge that he "received a specified injury in the course of his employment on or about a specified time, at or near a certain place specified." Section 295, Title 26, Code of 1940; Sloss-Sheffield Steel & Iron Co. v. Foote, supra, and cases there cited.

The fact, if it be a fact, that Dr. Powell told Mr. and Mrs. Willis not to tell anyone how the injury occurred, can furnish ground for nothing more than mere conjecture or surmise that Dr. Powell knew how the injury occurred.

■ There is no evidence in this case to support the finding that the employer had "actual knowledge," as required by law.

Writ granted. Reversed and rendered.

All the Justices concur, except KNIGHT, J., not sitting.