58 So.2d 892

**BEDFORD et al. v. GULSBY.**

**6 Div. 350.**

Supreme Court of Alabama.

May 15, 1952.

Travis Williams and Williams & Williams, all of Russellville, for appellants.

Fite and Fite, Ernest Fite and Rankin Fite, all of Hamilton, and Fite & Fite, Arthur Fite and Arthur Fite, Jr., all of Jasper, for appellee.

BROWN, Justice.

This appeal is by the employers from a judgment of the Circuit Court of Marion County awarding compensation to Otis E. Gulsby for an injury alleged to have arisen out of an accident while he was engaged in the course of his employment. The appeal by certiorari is authorized by § 297, Title 26, Code of 1940.

The suit was filed September 2, 1950, and while the complaint does not aver the date of the accident it does aver that it occurred "in the month of February 1950" and does aver that "at the time of said accident on to-wit, in the month of February, 1950, the plaintiff was a mechanic working for defendants in their place of business, to-wit, Marion County Motor Company, in Winfield, Marion County, Alabama, at the weekly wage of $45.00, and was engaged at the time in repairing an automobile. That plaintiff at said time was working under an automobile, said automobile being jacked up by a mechanical jack while plaintiff was working under same; that as plaintiff worked under said automobile the same fell upon plaintiff, pinning his neck back over a mechanic's creeper and splitting a vertebra and disk in plaintiff's back at or between the shoulders; and that defendant Whyte Bedford was present at the time said accident occurred and procured certain employees of defendant's business to assist him in lifting said automobile and removing plaintiff from thereunder. The defendants, by and through one of them, to-wit, Whyte Bedford, had immediate notice of said accident and actually became aware of plaintiff's said injury and claim at the date of said accident. Plaintiff continued to work for defendants as a mechanic until on, to-wit, the first of June, 1950, when he was striken by a partial paralysis of his left arm and left leg as a result of his injury above referred to, received to his vertebra and back disk; that defendants, by and through their Manager, Billie Bedford, and through the defendant Whyte Bedford, had immediate notice of and actually became aware of plaintiff's said stroke and injury and claim on, to-wit, the 1st day of June, 1950."

The court after hearing the evidence made the following finding of fact:

"The court finds that said Otis E. Gulsby was employed by the defendants in the operation of their automobile and garage business in Winfield, Marion County, Alabama, in the month of January, 1950, and while so engaged as a mechanic under the terms of his employment in the said business of the defendants, while working underneath an automobile which had been jacked up or raised, said automobile fell on plaintiff and as a proximate result of said fall plaintiff's neck was injured and the intervertebral disk between the fifth and sixth cervical vertebra was mashed, injured, or displaced, and as a result of said injury plaintiff received temporary total disability and so remained temporarily totally disabled for a period of time from, to-wit, June 1, 1950, to June 15,

1950, and from, to-wit, July 15, 1950, to February 6, 1951, or a total of 31 weeks and 3 days. The Court further finds that the average weekly earnings of the said Otis E. Gulsby at the time of the accident and injury was in excess of $40.00 per week and that the said Otis E. Gulsby was married at the time and had two children under the age of 18 years, said wife and children being totally dependent upon him for support. *It was agreed in open court,* and the Court finds, that the defendants were subject to the Workmen's Compensation Act in the operation of their said business at the time plaintiff received his injuries.

"The Court further finds that the defendants had *actual knowledge of the accident and injury;* that said defendants had actual knowledge of the accident at the time it occurred; that the injury was proved to be of a latent character; that before said accident and since the time of said accident plaintiff has received no other injury to his neck or back; that the seriousness of said injury did not develop until the first day of *June, 1950,* while plaintiff was still in the employ of defendants, at which time plaintiff suffered a partial paralysis of his left arm because of said injured disk, and plaintiff had to quit work for the period from June 1, 1950, to June 15, 1950, during which time defendants had medical attention rendered the plaintiff; but the cause of plaintiff's partial paralysis of the left arm was not ascertained by defendants' physician during the time said physician treated plaintiff; that thereafter, on the 15th day of June, 1950, plaintiff attempted to work for defendants and continued to work for defendants up to the 15th day of July, 1950; that plaintiff's left arm continued to waste away and lose feeling and strength in the same; that plaintiff sought medical attention from Dr. R. C. Christopher of Guin, Alabama; that said Dr. Christopher diagnosed plaintiff's condition as a cracked or ruptured disk between the fifth and sixth cervical vertebra; that said Dr. Christopher referred plaintiff to Dr. J. Garber Galbraith, a neurologist in Birmingham, Alabama, for further diagnosis and treatment; that said Dr. Galbraith, after inserting dye in plaintiff's spinal column and having plaintiff X-Rayed, determined by X-Ray that said disk was fractured, ruptured, or displaced; that said Dr. Galbraith deemed it imperative that an operation be had on plaintiff's neck without delay; that such operation was performed by said Dr. Galbraith on, to-wit, July 27, 1950; that plaintiff, by reason of said accident, injury, and operation was put to reasonably necessary medical and surgical treatment at the cost of $499.55. The Court finds said surgical and medical expenses were reasonably necessary and proper charges; that such injury was of such a latent nature that its seriousness did not develop until on, to-wit, the 1st day of June, 1950, and that the defendants by reason of having such actual knowledge of the accident and injury at the time it occurred have in no wise been misled or prejudiced in their defense of this case, inasmuch as actual knowledge was had by the defendants when the seriousness of said injury began to develop; and that the defendants have not been misled or their defense been prejudiced by reason of the failure to give any written notice within 90 days after the occurrence of the accident."

The appellants challenge the soundness of the judgment in favor of the workman on grounds: "(1) There is no legal evidence in the record to support the findings of facts by the Court below. (2) There is no substantial evidence in the record to support the finding of facts by the Court below. (3) There is no legal evidence in the record to support the order and judgment of the Court below. (9) There is no substantial evidence in the record that appellants had actual notice or knowledge that appellee received the *specific injury complained of,* in the course of his employment, on or about the specified time, at or

near the specified place, within more than ninety days after the car fell on him.", and other grounds.

The crucial point presented by the several contentions is raised by the contention numbered 9 above, which as we construe it is that actual knowledge of the *specific injury complained of*, *"a cracked or ruptured disk between the fifth and sixth cervical vertebra"*, did not come to the knowledge of the defendants within ninety days of the date of the accident and that, therefore, the court erred in awarding compensation.

To clarify the controversy we now state what the evidence shows without dispute and the points on which the evidence is in conflict. There is no dispute in the evidence that the defendants, Whyte Bedford and his wife Helen Bedford, during the month of January 1950 and continuously up through the month of July of said year, were operating an automobile repair shop known as Marion County Motor Company at Winfield, Marion County, Alabama, and that the plaintiff was in their employ as an automobile mechanic continuously until June 1, 1950. That during such employment he was directed by his employer, either in person or through the superintendent of workmen, to adjust or repair the clutch of a Hudson automobile for a customer of the Marion County Motor Company. To repair the clutch it was necessary for the car to be jacked up so that the mechanic could lie prone on his back on a small carriage called a "creeper" or a "sneaker" and push under the vehicle to be repaired, face looking up. The automobile was jacked up and appellee proceeded to inspect and make the repair. Just as he finished the work the jack, for some cause, gave way or slipped from its hold and let the automobile down on the workman and pinned him under the automobile in such sort as to require it to be lifted to relieve the workman from his perilous position. Mr. Whyte Bedford and his son "Billie", his superintendent of workmen, were both present and Billie called on workmen in the shop for aid.

The evidence is in conflict as to the date of the accident. Plaintiff's evidence tended to show that the accident occurred during the month of February, 1950, while that offered by the defendant tended to show that it occurred on the 5th of January, 1950.

The evidence is also in conflict as to what was said and done by plaintiff immediately after the accident. Plaintiff testified that in response to a question by Billie Bedford, in the presence of his father the defendant Whyte Bedford, if he "was hurt", that he replied that it "hurt or got his neck, but he didn't think it was serious" or "that he didn't think he was hurt bad." One of the witnesses testified that he noticed him twisting his neck. The defendant offered testimony, on the other hand, to the effect that plaintiff said he was not hurt, that no bruises or abrasions appeared on his face or head. Mr. Whyte Bedford testified that when Billie asked the plaintiff if he got hurt, he answered, "It caught my neck."

The evidence further shows that plaintiff continued to work for defendants until June 1, 1950, when he was stricken with pain and paralysis of the left hand and arm and had to quit work and while he was at his home thereafter the defendant Whyte Bedford came to see him and went and brought defendants' Doctor Couch to see him and that he could not locate the cause of his paralysis but gave him a "shot" to relieve the pain.

There was abundant testimony given by the medical witnesses that the injury was caused by the accident. Dr. Christopher first located the injury to the disk by X-ray and advised an operation and recommended Dr. J. Garber Galbraith, of Birmingham, a specialist in the treatment of nervous illness, and the evidence shows that Dr. Galbraith operated on and cured plaintiff.

The plaintiff adduced testimony going to show that no other accident or cause for such injury had occurred before or since the accident in question.

In this case the notice prescribed by the statute, Code of 1940, § 294, Tit. 26, was not given. The prescription of the statute is: "Every injured employee or his representative shall, within five days after the occurrence of an accident give or cause to be given to the employer written notice of

316

the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees, nor any compensation which may have accrued under the terms of articles 1 and 2 of this chapter, * * *."

Construing the quoted provisions of § 294 in connection with § 295, Title 26, Code of 1940, which prescribes the form of notice, it has been recently held that, "The essential facts necessary to constitute 'actual knowledge,' which this Court has held to be the equivalent of the written notice required by the statute, is knowledge that he 'received a specified injury in the course of his employment on or about a specified time, at or near a certain place specified.' * * *." Republic Steel Corp. v. Willis, 243 Ala. 127, par. 4, page 130, 9 So.2d 297, 299.

The facts of the instant case bring it clearly within the category stated in the last-cited case. One of the defendants and their superintendent over the workmen was present and had first-hand knowledge of the accident, the time and place of the accident and the fact of the injury to the plaintiff's neck. It is a matter of common knowledge of which courts will take judicial notice that the fifth and sixth cervical vertebra are located in and a part of the neck of a human being. Webster's New. Int. Dict., p. 362 "cervical". This fact also appears in the medical testimony. Nothing more could have been stated in a written notice than the facts brought to the defendants by the observation of one of them in person from their superintendent and the facts constituting the res gestae of the occurrence. As we have repeatedly held each case as to the sufficiency of facts showing actual knowledge in lieu of the statutory notice, must depend on the facts of the particular case. Ex parte Stith Coal Co. (Grimes v. Stith Coal Co.), 213 Ala. 399, 104 So. 756, 757.

It was observed in the Stith case, supra, "If the injury occur under the eye of the employer, or if all the facts are brought to his knowledge within the time written notice is required, he can suffer no injury; the giving of notice becomes a matter of technical form, a trap for the helpless and unadvised." See also Birmingham Post Co. v. McGinnis, 256 Ala. 473, 55 So.2d 507; Virginia-Carolina Chemical Co. v. Cherry, 233 Ala. 582, 173 So. 86.

The fact that the injury to the plaintiff's neck was not open to ordinary observation and was progressive in its debilitating effects and not discoverable except by scientific surgical diagnosis, is not sufficient ground for denying compensation for the treatment required for its cure. Such application of law would destroy its beneficient purpose.

On the authorities cited we hold that there was sufficient legal and competent evidence to sustain the finding and conclusion of the trial court awarding relief. Birmingham Post Co. v. McGinnis, supra. The insistence of the appellants that there was no evidence showing that the parties were under and subject to the Workmen's Compensation Act is met by the admission of this fact in open court during the progress of the trial.

Affirmed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.