116 So.2d 429 (1959)
John HERNANDEZ, Petitioner,
v.
James V. DE CARLO and Florida Industrial Commission, Respondents.
Supreme Court of Florida.
December 16, 1959.
Tobin, Rubin & Salmon, Truett & Watkins and Steve M. Watkins, Tallahassee, for petitioner.
Fowler, White, Gillen, Humkey & Treman, Miami, for respondent James V. DeCarlo and Burnis T. Coleman and Paul E. Speh, Tallahassee, for respondent Florida Industrial Commission.
THORNAL, Justice.
Petitioner Hernandez, an employee, seeks review of an order of the respondent commission which reversed an order of a deputy commissioner awarding workmen's compensation benefits to him.
*430 The point to be determined is whether there is competent substantial evidence to sustain the conclusion of the deputy commissioner that the petitioner had sustained an injury to the body as a whole, as distinguished from a scheduled injury under the Workmen's Compensation Act.
Hernandez, a plasterer, was an employee of the respondent DeCarlo. As the result of a fall in the course of his employment Hernandez was injured. Three doctors testified and the deputy commissioner found that the petitioner had suffered injuries to the hand, wrist, and shoulder. The problem, as we shall see, requires a determination whether the injury was to the left arm and, therefore, compensable under the fixed schedule, or whether it was an unscheduled injury which resulted in disability of the body as a whole. This necessitates a consideration of the injury to the shoulder. The treating physician diagnosed this injury as a rupture of the "shoulder cuff". He performed a surgical repair of the torn ligaments in this area. As accurately as we are able to determine from a careful study of the record, the "shoulder cuff" is a part of the outer side of the shoulder. One doctor stated that "it is sort of a ligament which is attached to the bone." Another doctor stated that "the shoulder cuff joins the body with the shoulder and all of the muscles attached to this cuff coming from the body." Three doctors testified. One had the view that the petitioner had suffered a 35% disability of the left upper extremity and a 5% disability of the body as a whole. Another physician had the view that the petitioner had suffered a 15% permanent partial disability of the left arm. A third doctor had the view that petitioner had suffered a 20% disability of the left upper extremity. By applying certain tables prepared by the American Medical Association, this third physician stated that the 20% disability of the left upper extremity produced a 12% functional disability of the body as a whole. The deputy also heard the testimony of the employer DeCarlo, and the petitioner himself. The deputy found that the petitioner had been injured in his hand, wrist and shoulder. He held that Hernandez had suffered a 12% functional disability of the body as a whole, but a 31% loss of earning capacity. The deputy entered an order to this effect and directed payment of compensation on the basis of his finding of the loss of earning capacity. The full commission reversed the deputy and in so doing authorized him to employ an impartial orthopedist to examine the petitioner if the latter so desired. Otherwise, the deputy was directed to enter on order allowing compensation to the extent of the functional loss of use of the left arm. Review of this order is now sought.
The petitioner employee contends that there was competent substantial evidence to support the finding of the deputy to the effect that he had suffered a disablement of the body as a whole and was, therefore, entitled to benefits based on loss of earning capacity.
The respondents contend that there is a total absence of competent substantial evidence to support a finding of disability to the body as a whole. In this regard it is contended that the respondent commission correctly found that the petitioner should be limited to benefits for percentage of disability to his left arm under the scheduled injury section of the Workmen's Compensation Act. Ch. 440, Fla. Stat., F.S.A.
The difference in the results produced by the contentions of the respective parties is clear in view of our decision in Ball v. Mann, Fla. 1954, 75 So.2d 758. By the cited decision this Court committed itself to the view that when an employee suffers an injury not scheduled under Section 440.15 (3), Florida Statutes, F.S.A., but rather suffers an unscheduled injury under Section 440.15(3)(u), Florida Statutes, F.S.A., he is entitled to have considered his loss of earning capacity when the unscheduled functional disability is evaluated along with such variables as his age, education, industrial history and ability to pursue the trade for which he is best qualified.
*431 Theoretically, the compensation allowed for scheduled injuries comprehends all of these divergent elements and mathematizes them into a fixed statutory sum. Under the "other cases" section of the statute, (Section 440.15(3)(u), supra) there is no legislative announcement of a fixed amount. The result is that we have held that when there is a "body of the whole" disability the employee is entitled to have considered the extent of the reduction in his earning capacity.
In the instant case, the respondent commission concluded that the deputy commissioner had based his finding entirely upon the testimony of the physician who stated that the claimant had suffered a 20% disability of the left upper extremity. This doctor then employed an American Medical Association table (Journal of the American Medical Association, Special Edition, February 15, 1958), in order to convert this percentage of disability caused by a scheduled injury into a percentage of disability of the body as a whole. It was the opinion of this physician, with the support of the A.M.A. tables, that every injury produces some degree of disability of the body as a whole. According to the table 20% permanent injury of the left upper extremity produces a 12% disability to the body as a whole. The doctor analogized that the situation was rather like an automobile with a flat tire. The machine might be in perfect condition in and of itself, but one flat tire would have a direct bearing on the functioning of the entire automobile. The respondent commission held that such a rule could not be applied in workmen's compensation cases. In this respect, the full commission ruled correctly. When the Legislature established a fixed schedule of awards for certain scheduled injuries in workmen's compensation matters, the administrative agencies and the courts are bound to follow the legislative prescription. This is so for the reasons stated above to the effect that the amount stipulated in the schedule in theory has included within it all of the divergent variables that might otherwise enter into a "body as a whole" injury. We are not here dealing with a situation where the scheduled injury has produced some disabling condition in an unscheduled part of the body thereby entitling the employee to receive benefits for the disabling effects on the unscheduled part of the body superimposed upon the scheduled injury. Kashin v. Food Fair, Inc., Fla. 1957, 97 So.2d 609.
However, in concluding that the deputy commissioner necessarily grounded his order entirely on the testimony of the one physician, the full commission committed error. Three doctors testified and the ultimate finding of the deputy was within the range of percentage of disability expressed in the opinions of the doctors. Moreover, the deputy was not limited to the expert testimony. Andrews v. Strecker Body Builders, Inc., Fla. 1957, 92 So.2d 521; Magic City Bottle & Supply Co. v. Robinson, Fla., 116 So.2d 240. The deputy was also entitled to take into consideration the lay testimony presented, as well as his personal view of the claimant himself.
This record sustains the conclusion that the claimant suffered a rupture of the shoulder cuff with necessary surgical repair of the torn ligaments. On the basis of the record reviewed here, the deputy was justified in his conclusion that the rupture of a shoulder cuff, as described by the doctors, was not an injury to the arm itself, but rather an injury to the shoulder muscles and ligaments which produced a disablement of the function of the shoulder joint, as distinguished from an injury to the arm. To this extent the deputy had before him evidence upon which to conclude that the petitioner employee had suffered an unscheduled injury which in turn justified his consideration of the loss of earning capacity under the rule of Ball v. Mann, supra. An injury to the shoulder joint is unscheduled. An injury to the arm is scheduled. Section 440.15(3), Florida Statutes, F.S.A.
While we must hold that the full commission ruled correctly on the point of law *432 which it decided, it ruled erroneously in holding that the deputy commissioner necessarily based his judgment on the rule of law. Our analysis of the record impels us to conclude that the deputy commissioner was supported by competent substantial evidence in finding as he did, and that his judgment comported with the essential requirements of the law.
The petition for certiorari is granted. The order of the respondent commission is quashed and the cause is remanded to the respondent, Florida Industrial Commission, with directions to enter an order consistent herewith affirming the order of the deputy commissioner.
It is so ordered.
THOMAS, C.J., and ROBERTS, DREW and O'CONNELL, JJ., concur.