130 So.2d 277 (1961)
Walter JEWELL, Petitioner,
v.
Kenneth WOOD and Zurich Insurance Co. Respondents.
No. 30907.
Supreme Court of Florida.
May 17, 1961.
Rehearing Denied June 20, 1961.
Jordan & Jordan and Peyton T. Jordan, Jr., Tampa, for petitioner.
Fowler, White, Gillen, Humkey & Trenam and James E. Thompson, Tampa, Burnis T. Coleman and Paul E. Speh, Tallahassee, for respondents.
THORNAL, Justice.
By petition for writ of certiorari Jewell, a claimant-employee, seeks review of an order of the Florida Industrial Commission which reversed a compensation order of a deputy commissioner allowing workmen's compensation benefits to the petitioner.
The sole point to be determined is whether the injury should be classified as a "scheduled injury" under Section 440.15(3), Florida Statutes, F.S.A., as an injury to petitioner's arm, or whether it should be classified as an unscheduled or "other cases" injury under Section 440.15(3) (u), Florida Statutes, F.S.A.
Claimant Jewell, while employed as a carpenter by respondent Wood, suffered an injury as a result of an industrial accident. The medical testimony is without conflict to the effect that the injury received was a rupture of the long head of the biceps tendon. The only problem is that stated above. If the injury was unscheduled, then the benefits to be allowed would be measured by a loss of earning capacity in accordance with the rule originally announced in Ball v. Mann, Fla., 75 So.2d 758. Of course, if the injury was one covered by the scheduled allowances of workmen's compensation, then the various elements bearing on earning capacity, as distinguished from functional disability only, become immaterial.
*278 The evidence is beyond dispute that the claimant suffered a complete tear of the long head of the biceps tendon of the right arm at the shoulder joint. The deputy commissioner concluded that this constituted an injury to the shoulder joint and was, therefore, unscheduled by the workmen's compensation act. He rated claimant's disability as one to the body as a whole, with resultant benefits measured by a loss of earning capacity. Upon review the Industrial Commission concluded that the deputy commissioner was in error. They decided that "the particular tendon involved in the claimant's injury does not attach to the trunk of the body, but rather to the humerus, or upper extremity of the claimant's arm." The full commission decided that the injury was located in the arm rather than in the shoulder, and that the disability resulting therefrom was to be measured by the schedule set forth in the compensation act. This order of the full commission reversing the deputy is submitted to us for review.
There are no factual conflicts which require the application of the so-called substantial evidence rule. The medical experts all identify the injury as a rupture of the long head of the biceps tendon. They also were in accord in advising that the long head of the biceps tendon is attached to an extension of the scapula in an area described as the "glenoid cavity." The scapula in layman's language, is the shoulder blade and the glenoid cavity is the socket into which is fitted the head of the humerus, or upper arm. The testimony of the experts, as well as our examination of various anatomy books, as well as our judicial knowledge grounded on such examination, leads us to the inescapable conclusion that the tearing or rupturing of the long head of the biceps tendon necessarily results in an injury to the shoulder area, as distinguished from an injury to the arm. The deputy commissioner concluded correctly that the tendon was attached to a part of the shoulder blade itself. The full commission concluded incorrectly that the tendon does not attach to the trunk of the body, but rather to the upper arm. Gray, Anatomy of the Human Body, 25th Edition, page 429; Woerdeman, Atlas of Human Anatomy, Volume I, Fig. 364; Lederle Laboratories, Atlas of Normal Anatomy, Plate 3; Bedford v. Gulsby, 257 Ala. 312, 58 So.2d 892. The parties discussed at length in their briefs our opinion in Kashin v. Food Fair Stores, Inc., Fla., 97 So.2d 609, 611. In Kashin we were confronted by an injury to an extremity that produced an overlaying disability resulting from pain in an unscheduled area of the body. Petitioner here contends that in Kashin we concluded that the disability in the shoulder area produced a "body as a whole" injury. Respondent here employs Kashin in converse by contending that in the instant case, while the injury was to an unscheduled area, it resulted in a disabling effect to a scheduled member.
Since our decision in Kashin, we have decided Hernandez v. DeCarlo, Fla. 1959, 116 So.2d 429. We think Hernandez is much closer to the instant case. There the injury was to the "shoulder cuff", as well as to the arm and wrist. We concluded that the "shoulder cuff" injury justified the fixing of a disability of the body as a whole. The injury to the "shoulder cuff" in Hernandez is analogous to the rupture or tearing of the long head of the biceps tendon in the shoulder joint in the instant case. As to the per cent of disability of the body as a whole, we find that the deputy had substantial evidence to support his conclusion. The record merely supports his basic conclusion that the injury suffered by the claimant was unscheduled. There is a total lack of evidence to support the conclusion of the full commission to the effect that the injury was to a scheduled member. To this extent, the order of the full commission reversing the deputy fails to meet the essential requirements of the law and must be quashed.
The order of the full commission is, therefore, quashed and the cause is remanded *279 with directions to reinstate the order of the deputy.
It is so ordered.
THOMAS, C.J., and ROBERTS, DREW and O'CONNELL, JJ., concur.