This is a workmen's compensation case.
On August 14, 1979 Napoleon Ray, Jr. filed a petition claiming workmen's compensation benefits for a job related accident occurring on August 15, 1978. A judgment was rendered in circuit court for Ray and against Price Ceiling, Inc. and United States Fidelity and Guaranty Company on May 1, 1980. This judgment awarded Ray temporary total disability benefits, permanent partial disability benefits and medical expenses. Price and United filed a motion for new trial on May 29, 1980, such motion being denied on June 4, 1980. Appeal is from the judgment below, modification of the judgment and denial of a motion for new trial.
The record reveals the following facts. The employee, Napoleon Ray, Jr., is fifty-two years old. He has a fifth grade education. His primary occupation is that of an installer of sheetrock and acoustical ceiling in the construction industry.
On August 15, 1978, while performing his job for Price Ceiling, a ladder on which Ray was standing broke and he fell striking his back on an exposed plumbing pipe. The accident was witnessed by co-workers Ronnie McCord and Ricky Cooper. Both co-workers witnessed the scraped skin and deep bruise in the lower part of Ray's back.
The next day McCord reported the accident to Roy Randall Price, a supervisor and secretary-treasurer of Price Ceiling, Inc. McCord told Roy Randall Price that Ray had fallen and hurt his back at the Brewbaker School job. Roy Randall Price testified that he did not recall the conversation.
Ray continued to work after the accident. He testified that he continued to do so even though he was in pain. During this time he did not file any written notice with Price Ceiling nor did he orally inform them of his *Page 60 
accident. In fact it is not contended on appeal that Ray gave any written notice of his injury to his employer.
Ray sought medical help on his own. He lived near Clanton, Alabama at the time of his accident and he had several Clanton doctors treat him. Ray was being treated for a kidney infection and pleurisy, but the treatments proved unsuccessful and his back ailment intensified. In the latter part of March 1979 Ray sought the help of Dr. Jackson Bostwick, a Montgomery back specialist. Ray was hospitalized the next day. The myelogram performed on Ray revealed a herniated disc. This was the first time that Ray's back problem had been diagnosed as a spinal injury. Nevertheless, Ray continued to work off and on until April 18, 1979, but, during this time, Ray wore a back brace and used traction. Surgery was performed in June 1979 and again on January 15, 1980. Ray testified that his wife informed Price Ceiling by telephone that Ray had seen Dr. Bostwick. This conversation was on March 31, 1979.
The trial court found, after observing Ray in the courtroom and hearing expert testimony, that Ray had suffered a permanent partial loss of his earning capacity in the amount of fifty-five percent; that Ray had suffered a temporary total disability from April 19, 1979 until April 8, 1980; that Ray was injured while acting within the line and scope of his employment; that his employer was subject to workmen's compensation laws of Alabama and that United was its insurer; that on the day following the accident Price Ceiling had actual knowledge of the injury to Ray's back, the place of the accident and the nature of the accident; and that all medical expenses were necessary and a proximate result of Ray's accident.
 I
The first issue presented for our consideration is whether there is any evidence to support the trial court's finding that Price Ceiling had actual notice of Ray's injury. We hold that the record contains evidence of actual notice on the part of the employer.
Section 25-5-78, Code of Alabama 1975 states:
 Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article and article 2 of this chapter, unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within 90 days after the occurrence of the accident or, where death results, within 90 days after the death.
There is no dispute that Ray failed to give written notice. However, it has long been the rule in Alabama that actual notice is the equivalent of statutory notice. B.F. Goodrich Co.v. Martin, 47 Ala. App. 244, 253 So.2d 37, cert. denied,287 Ala. 726, 253 So.2d 45 and 287 Ala. 726, 253 So.2d 46 (1971);Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756 (1925). Moreover, the current trend of authority appears to excuse lack of statutory notice whenever the employer acquires actual knowledge of the accident, no matter how acquired. 3 Larson,The Law of Workmen's Compensation § 78.31 (a) (1976). Our supreme court has said that "[i]f the injury occur under the eye of the employer, or if all the facts are brought to his knowledge [how is not stated] within the time written notice is required, he [the employer] can suffer no injury. . . ." Exparte Stith Coal Co., supra.
There is authority for the proposition that actual knowledge does not necessarily mean that an accident must be seen firsthand by the employer. Sloss-Sheffield Steel Iron Co. v.Foote, 231 Ala. 275, 164 So. 379 (1935); American Radiator Co.v. *Page 61 Andino, 217 Ala. 424, 116 So. 121 (1928). The court inSloss-Sheffield Steel Iron Co. v. Foote continued by saying, "[b]ut if some other employee of defendant witnessed the occurrence and at once reported it to one in authority, and he acted on it, the cases seem to agree that defendant had knowledge sufficient to dispense with written notice." Likewise, in C.E. Adams Co. v. Harrell, 257 Ala. 25,57 So.2d 83 (1952), the supreme court pointed out that the president of C.E. Adams Company obtained knowledge of its employee's death from undisclosed sources and that the vice-president of the company obtained his knowledge of the employee's death from "the company's employees." The court concluded that the company had actual knowledge of the employee's death while on the job.
The trial court found in the case at bar that notice of the accident was made by McCord, a fellow employee, to Roy Randall Price, a supervisor for the employer. As noted in the above authorities, actual knowledge of an accident and injury suffered by an employee while on the job may be obtained from fellow employees who witnessed the accident.
In the instant case the evidence shows that the employer, Price Ceiling, Inc., through its supervisor, obtained actual knowledge of the accident suffered by the employee-plaintiff from a fellow employee who witnessed the accident.
Price and United argue, however, that mere verbal notice to an employer is not sufficient to meet the actual knowledge exception to the statutory requirement of written notice. We agree. Republic Steel Corp. v. Willis, 243 Ala. 127,9 So.2d 297 (1942). But this is not the case here. Price was given the name of the person injured, where he was injured, the specific injury incurred, and that the injury arose in the course of employment. This meets the test set out in Ex parte Stith CoalCo., supra and followed since. See Beatrice Foods Co. v.Clemons, 54 Ala. App. 150, 306 So.2d 18 (1975); Republic SteelCorp. v. Willis, supra.
We find no error in the trial court's finding that Price Ceiling, Inc. had actual knowledge of Ray's injury.
 II
The second issue for review is whether the trial court erred in entering judgment for workmen's compensation benefits against United States Fidelity and Guaranty Company absent proof of the filing and posting requirements of § 25-5-8
(f)(4), Code of Alabama 1975. We find no error.
Section 25-5-8 (f)(4) reads:
 (4) Direct actions against insurers. — If the employer shall insure to his employees the payment of the compensation provided by this chapter and according to the full benefits thereof and with full coverage under this chapter in a corporation or association authorized to do business in the state of Alabama and approved by the director of the department of insurance of the state of Alabama, and if the employer shall post a notice or notices in a conspicuous place or in conspicuous places about his place of employment, stating that he is insured and by whom insured, and if the employer shall further file a copy of such notice with the department of insurance, then, and in such case, any civil actions brought by an injured employee or his dependents shall be brought directly against the insurer, and the employer, or insured, shall be released from any further liability.
Nowhere on the face of the record does this issue appear. Because this issue appears for the first time on appeal, it is not properly before this court for review under Rule 4 (a)(3) ARAP.
Rule 4 (a)(3) provides:
 Any error or ground of reversal or modification of a judgment or order which was asserted in the trial court may be asserted on appeal without regard to whether such error or ground has been raised by motion in the trial court under Rule 52 (b) or Rule 59 of the ARCP.
Stephens v. Central of Ga. R.R., Ala., 367 So.2d 192 (1978). *Page 62 
 III
The final issue is whether the trial court erred in awarding Ray his medical, surgical, hospital, and drug expenses where treatment was not given by employer-selected doctors.
Section 25-5-77, Code of Alabama 1975 provides, except for emergencies, that an employer has the right to select the doctor who is to treat the employee and absent such selection, authorization, or consent, the employer is not liable for any expenses incurred by the employee.
In the instant case the employee selected his own doctors for treatment. However the employer did not suggest a doctor for the employee to consult.
As in the previous issue, this issue is not properly before us for review. The question of whether the employee had consulted a company-selected doctor was not raised in the trial court and, as a consequence, cannot be presented for the first time here. Rule 4 (a)(3) ARAP; Stephens v. Central of Ga. R.R.,supra.
The trial court's judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.