HOLMES, Judge.
This is a workmen’s compensation case.
On February 20, 1980, Bonnie Wimbs brought an action against her employer, El *130 Biscuit Village, Inc., to recover benefits under Alabama’s Workmen’s Compensation Act.
After an ore terms hearing the trial court concluded that the employee had suffered a compensable injury and awarded benefits accordingly. The court further concluded that the employee was not entitled to recover medical expenses. The employee appeals from that portion of the trial court’s order regarding medical expenses. Finding no reversible error in the action taken by the trial court, we affirm.
The record reveals the following pertinent facts: The employee began working at El Biscuit as a general restaurant helper in September, 1979. Her duties there required her, among other things, to empty the garbage. On or about October 25, 1979, the employee injured her back while lifting a garbage can in order to empty it. Shortly thereafter the employee left her place of employment without reporting the injury to her employers.
The employee’s back injury led to at least two extended hospital stays, one beginning the day after the injury and the other in September of 1980. In addition to her hospital stays, the employee also made several visits to doctors’ offices. None of the foregoing treatment was performed by doctors designated by the employer.
The employee testified that she contacted her employer by telephone the day after the injury and informed the employer of the injury. The employer, however, testified that employee told her only that she had a bladder infection and kidney problem. The employer further testified that she was not aware that employee had suffered any work-related injury until someone from the hospital called her on November 16, 1979, and informed her that employee was claiming her injury occurred at work.
A hearing regarding employee’s claim was held on April 8, 1981. After considering the evidence, the trial court concluded that the employee’s back injury was the result of an accident which arose out of and in the course of her employment. The court then found that the employee suffered a temporary total disability of six weeks and awarded benefits accordingly.
As stated above, the trial court also held that the employee was not entitled to recover medical expenses in this case. The trial court based this holding upon its finding that the employer did not receive proper notice of the injury as required by section 25-5-78, Code of Alabama 1975, and its finding that the employee sought her own medical treatment and did not give the employer an opportunity to furnish medical treatment as provided by Alabama’s Workmen’s Compensation Act.
On appeal the employee, through able counsel, contends that the trial court erred in refusing to find the employer liable for medical expenses incurred by the employee. Finding no merit in this contention, this court affirms the trial court’s decision.
Appellate review of a workmen’s compensation judgment is very limited. If there is any legal evidence to support the finding of fact by the trial judge and if the correct law was applied to such facts we must affirm. City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (1975). As indicated above, there is evidence to support the trial court’s findings regarding notice of the injury and procurement of medical services. Consequently, this court is bound by that finding. The only remaining issue is whether the correct law was applied.
In United States v. Bear Brothers, Inc., 355 So.2d 1133, 1138 (Ala.Civ.App.1978), this court held that “the employer is not liable for the costs of medical or surgical treatment obtained by the employee without justification or notice to the employer.... ” The employee contends, however, that Bear Brothers should not be controlling in this case because it was decided pursuant to title 26, section 293, Code of Alabama 1940 (Recomp.1958) (Supp.1973). The employee bases this contention upon the significant differences between section 293 and its successor statute, section 25-5-77, Code of Alabama 1975. Admittedly, section 25-5-77 is significantly different from section 293; however, such differences do not affect the holding in Bear Brothers because in Price *131 Ceiling, Inc. v. Ray, 394 So.2d 58 (Ala.Civ. App.1981), which was decided under section 25-5-77, this court reached the same conclusion that was reached in Bear Brothers.
In Price Ceiling, this court stated the following:
Section 25-5-77, Code of Alabama 1975 provides, .. . that an employer has the right to select the doctor who is to treat the employee and absent such selection, authorization, or consent, the employer is not liable for any expenses incurred by the employee.
394 So.2d at 62. In the case before us the employer did not select, authorize or consent to any of the physicians used by the employee. Consequently, the employer is not liable for the medical expenses incurred by the employee and the trial court did not err in so holding.
In light of the above, issues raised regarding the notice requirements of section 25-5-78 are pretermitted.
The trial court’s actions, in this instance, being authorized by section 25-5-77, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.