233 So.2d 225

**JACK COLE COMPANY, Inc.**

v.

**James L. CRAWFORD.**

**6 Div. 533.**

Supreme Court of Alabama.

March 19, 1970.

Warren B. Lightfoot, Bradley, Arant, Rose & White, Birmingham, for appellant.

N. Daniel Rogers, Jr., Corretti, Newsom & Rogers, Birmingham, for appellee.

PER CURIAM.

This appeal is from a judgment in the Circuit Court of Jefferson County, Alabama, entered in a proceeding under the Workmen's Compensation Act. The appeal is by certiorari as authorized by Sec. 297, Title 26, Code 1940, Recompiled in 1958.

Appellee brought suit against appellant, alleging that he was an employee of appellant on January 28, 1966, at which time, while performing work for appellant, he sustained an injury to his back, which he contended arose out of and in the course of his employment, for which he claimed, and was awarded, compensation.

The case came to trial on May 24, 1967 upon one count in the complaint, the plea of the general issue and stipulation as follows:

"1. That the plaintiff was in the employ of the defendant at the time (January 28, 1966) of the alleged injury and that both parties were subject to and governed by the Workmen's Compensation Law of the State of Alabama.

"2. That the average weekly earnings of the plaintiff was $243.00.

"3.  That the plaintiff was unmarried and had no dependents.

"4.  That the injury complained of was suffered January 28, 1966.

"5.  That the medical expenses incurred by the plaintiff for doctors and hospital bills amounted to $2,657.95, which was reasonable.

"6.  That the plaintiff was released by the doctors to return to work on October 7, 1966 and did actually return to work on October 21, 1966.

"7.  That the plaintiff was disabled from January 28, 1966 to October 7, 1966."

The trial court awarded compensatory judgment for $1368.00 and $2400.00 as medical expenses, a total of $3768.00.

Appellant in its brief says that basically it makes four contentions on this appeal. The contentions are:

1.  That there was not sufficient legal evidence on which the trial court could base its finding that the company had actual knowledge of the plaintiff's alleged injury of January 28, 1966;

2.  That there was not sufficient legal evidence on which the trial court could base its finding that the plaintiff's injury resulted from an accident arising out of and in the course of his employment by the company;

3.  That the court erred in excluding evidence of plaintiff's prior conviction of possession of drugs;

4.  That the decree of the trial court is insufficient to support a judgment.

It appears from the evidence that appellee was employed by appellant as a truck driver; that on January 28, 1966, he started to drive the truck to Louisville, Kentucky, but stopped at Albertville, Alabama, where he had some difficulty with the tractor he was driving.  He thereupon reported the difficulty he was having to the company dispatcher at Birmingham.  A company employee, Mr. Brand, brought another company tractor on a "lowboy" to the relief of appellee.  Appellee assisted in making the exchange, and in doing so unloaded some heavy skids.

Appellee testified that while pushing a skid back into proper position, after the unloading, he suffered an injury to and severe pains in his back.  After that, with great discomfort, he proceeded to Attalla, Alabama, where he stopped and contacted the company dispatcher, whose name he did not remember, and told him that he had hurt his back in helping to get the heavy skids in place.  After resting at Albertville, he proceeded to Nashville, Tennessee, and after traveling about 20 miles north of this point, he couldn't go any further.  He was overtaken by another company driver, Nathan Cobb.  He requested Nathan Cobb to notify Valley Station, a company relay station, what had happened. About 11:00 A.M., on the 29th, the company safety engineer, Mr. Graves, came to the motel where appellee was in bed.  At that time, so appellee testified, he told Mr. Graves about the accident in or near Albertville; that he broke down, and had to have another unit brought to him, and had hurt his back lifting the skids.  Mr. Graves took appellee to the depot where he caught a train for Birmingham.

Nathan Cobb testified about his contact with appellee; that at the request of appellee he drove to Valley Station, a turn-around point operated by appellant, and there told the dispatcher on duty about appellee's trouble and agony with his back caused when appellee was helping the mechanic put the skids on the tractor "lowboy."  He testified that it was customary for the road driver to report accidents, illness or breakdowns to the dispatcher on duty.

The trial court in its amended decree made an extended finding of facts supported by the above outline of the evidence,

and in addition determined that plaintiff, after he reached Birmingham, telephoned appellant's office, on January 31, 1966, and talked with either a Mr. Colburn or a Mr. Shaner, both safety engineers for appellant, and told him about his accident. Further, the court found that appellee was then told to come to the office as soon as he could and make a written report. On February 1, 1966, appellee went to the office of Dr. Shannon, who scheduled a hospital room for him.

On the question of notice to the company of the accident and injury, we think the evidence is sufficient to show that appellant, within five days from January 28, 1966, received actual notice from appellee and Nathan Cobb that appellee sustained the accidental injuries complained about. Under the circumstances, oral notice to the dispatchers and the safety engineers was sufficient. Statutory written notice was not necessary. C. E. Adams & Company v. Harrell, 257 Ala. 25, 57 So.2d 83; Title 26, Sec. 294, Code 1940, Recompiled in 1958. The company maintained a safety engineering department to promote safety among its employees and to make investigations of injuries. When, as here, the safety engineer makes an investigation, we think the information he acquires is actual notice to the company. Statutory written notice in the instant case was not necessary. Sloss-Sheffield Steel & Iron Co. v. Foote, 229 Ala. 189, 155 So. 629. We are unwilling to overturn the trial court's finding that appellant had actual notice through the medium of the safety engineers, Euell Colburn and Douglas E. Graves, whose duty it was to make the investigation and receive actual notice of accidents and injuries, which in the instant case took place within five days after the accident. Virginia-Carolina Chemical Company v. Cherry, 233 Ala. 582, 173 So. 86; Swift & Co. v. Rolling, 252 Ala. 536, 42 So.2d 6.

We also hold there was sufficient evidence on which the trial court could base its findings that plaintiff's injury resulted from an accidental injury arising out of and in the course of his employment by the company. Plaintiff's evidence details that he was helping to unload and reload a tractor on a "lowboy" when the injury occurred. At the time, he was in the employment of appellant, had been driving a tractor that was in mechanical difficulty, and was assisting in making a replacement, all while he was enroute on company business.

We think that the court's findings of facts and conclusions are sufficient to support the judgment therein rendered. It contains a statement of the case and findings of facts, accompanied by conclusions as determined by said judge. Title 26, Sec. 304, Code 1940, Recompiled in 1958; Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345; Jackson et al. v. Tennessee Coal, Iron & R. Co., 259 Ala. 85, 65 So.2d 167(3, 4). It is convenient, but not necessary that each category be labeled as such.

The trial judge wrote a comprehensive, able and elaborate "amended decree," with comprehensive findings of fact indicating that he had considered all the evidence and the contentions of the parties.

In view of what we have written, we do not deem it necessary to consider the ruling of the court on evidence of a prior conviction. In Majors v. Jackson Lumber Co., 244 Ala. 418, 13 So.2d 885, the court said:

"Our attention is directed to certain rulings of the trial court concerning the admission and rejecting of evidence. This Court will not on certiorari in compensation cases disturb the findings of the trial court because of mere errors in the admission or rejection of evidence, where there is legal evidence to support the judgment rendered. Ex Parte Woodward Iron Co., 211 Ala. 111, 99 So. 649."

**444**

As already noted, we have concluded that the court's findings of fact and conclusions are supported by legal evidence which is sufficient to support the judgment rendered by the trial court.

Both appellant and appellee have submitted elaborate and well prepared briefs that are well documented with citations. These briefs were very helpful, and showed much study and work.

We have confined this opinion to the basic contentions of appellant. However, we have examined the arguments directed to the several assignments of error. We think the proceedings were free of error and the judgment should be, and it is, affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL, HARWOOD and MADDOX, JJ., concur.