Argued September 19, affirmed September 30, 1974

JAIME, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. 20823), *Appellant.*

526 P2d 1039

*Jim G. Russell,* Assistant Attorney General, Salem,
argued the cause for appellant. With him on the brief
were Lee Johnson, Attorney General, and W. Michael
Gillette, Solicitor General, Salem.

*Raymond J. Conboy,* Portland, argued the cause for
respondent. With him on the brief were Donald R.
Wilson, and Pozzi, Wilson & Atchison, Portland.

Before Schwab, Chief Judge, and Foley and
Tanzer, Judges.

PER CURIAM.

This is an appeal from a circuit court order
awarding claimant permanent total disability under

the Workmen's Compensation Law. The extent of disability is the sole issue.

The parties agree that claimant suffered a compensable myocardial infarction. The hearing officer, Board and circuit court all agreed that claimant's disability resulting from the infarction combined with claimant's peripheral vascular disease rendered him totally disabled. The only question is whether or not the vascular disease which preexisted the infarction was aggravated and rendered symptomatic by the industrial accident. The hearing officer held that it was not; the Board and circuit court held to the contrary. We agree with the latter and adopt the Board's order, which reads:

"Claimant requests permanent total disability instead of the total of 70% (224°) awarded by the Hearing Officer.

"Claimant, a 58 year old longshoreman suffered a myocardial infarction on June 7, 1971, which was accepted as a compensable industrial injury. The associated peripheral vascular insufficiency also became immediately symptomatic. The Board concurs with the finding of the Hearing Officer that the combination of the heart residuals and the vascular condition has expelled the claimant from the work force. The medical evidence convinces the Board, however, that the vascular condition, although preexisting, was aggravated by the industrial accident.

"The vascular insufficiency at the lower extremities developed immediately after the myocardial infarction and the wrapping of his legs on doctor's orders during the initial hospitalization. The peripheral vascular insufficiency undoubtedly preexisted his June 7, 1971 infarction but was brought to symptomatic level by the circulatory restriction imposed by the myocardial infarction.

"The Board therefore finds that claimant's inability to return to gainful and suitable employment is the legal result of the industrial accident. Claimant is therefore entitled to an award of permanent total disability."

Affirmed.