This is a workmen's compensation case.
The Circuit Court of Madison County returned a judgment in favor of the employer, denying the employee's claim for benefits. The employee appeals. We affirm.
The primary disputed issue was whether the injury complained of arose out of and in the course of plaintiff's employment. Plaintiff produced evidence that the injury occurred about a month before he left his job when he slipped and fell while performing his duties as a "loom greaser" in defendant's textile plant. Defendant presented evidence that the injury occurred not on the job but some ten days after plaintiff quit his job when the plaintiff tried to lift a child at his home. Both sides produced abundant evidence in support of their respective positions. The trial court entered judgment for the defendant finding, in pertinent part, "[T]hat on October 1, 1978, while at home and at a time when he was not employed by defendant, the plaintiff, while lifting a child, ruptured a lumbar disc and otherwise injured his back, which resulted in said hospitalizations and medical care. . . ." and that "[T]he plaintiff did not sustain any injury or accident arising out of and in the course of his employment by defendant. . . ." The primary issue presented by this appeal is simply whether the evidence was sufficient to support that judgment.
We have noted many times that our workmen's compensation laws are remedial in nature, should be liberally construed to effect the beneficent purposes thereof and that all reasonable doubts must be resolved in favor of the employee. Lauderdale CountyCo-op, Inc. v. Shook, 376 So.2d 199 (Ala.Civ.App. 1979). This does not mean, however, that the rule as to the measure of proof, or the sufficiency of the evidence is different from the rule in ordinary cases. Kroger Company v. Millsap, 280 Ala. 531, 196 So.2d 380 (1967). The burden is upon the compensation claimant to reasonably prove that the injury complained of arose out of and in the course of employment. Haney v. DunlopTire and *Page 1209 Rubber Corp., 373 So.2d 334 (Ala.Civ.App. 1979). It is our long-standing and well-settled rule that a judgment in a workmen's compensation proceeding will not be disturbed upon review by certiorari if there is any legal evidence to support the trial court's finding. Hill v. J.P. Stevens Co.,360 So.2d 1035 (Ala.Civ.App. 1978). The existence of such evidence and not the weight or preponderance thereof is our concern on review of these cases. Fairfax Manufacturing Co. v. Bragg,342 So.2d 17 (Ala.Civ.App. 1977). See, 19A Ala.Dig. Workmen'sCompensation Key No. 1940, for innumerable authorities.
We have reviewed the record carefully. There was legal evidence presented which is supportive of the trial court's finding that the injury complained of did not arise out of or occur in the course of plaintiff's employment. The presence of such evidence requires that we uphold that finding.
Finally, plaintiff asserts that the trial court erred in refusing to admit a deposition into evidence. The plaintiff sought to have the deposition admitted pursuant to Rule 32 (a)(3), ARCP. The defendant objected and the court sustained the objection. In view of the existence of legal evidence in support of the trial court's findings, we deem it unnecessary to consider the court's ruling on the admissibility of this deposition. Jack Cole Co. v. Crawford, 285 Ala. 440,233 So.2d 225 (1970). We will not review technical questions regarding the trial court's rulings on objections to the admission of evidence in a workmen's compensation case. Young v. City ofHuntsville, 342 So.2d 918 (Ala.Civ.App. 1976). We do not address the question raised by the plaintiff in that regard.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.