PER CURIAM.
This is a workmen’s compensation case.
Lewis, the employee, was lifting ninety-four pound sacks of cement at work when he began having chest pains. He left work and went to the hospital, where he was admitted for treatment of an apparent myocardial infarction. Lewis stayed in the hospital some sixteen days.
Thereafter, Lewis filed a complaint seeking workmen’s compensation benefits. After hearing the evidence, the court entered a decree finding that Lewis had suffered an anterior myocardial infarction which arose out of and in the course of his employment with 4-E, resulting in a ten percent permanent loss of ability to earn. The court awarded him $148 per week for thirty-four weeks, totalling $5,032, as temporary total disability; $17.08 per week for eighty-eight weeks, totalling $1,503.04, for permanent partial disability already incurred; and $17.08 per week for one hundred seventy-eight weeks, payable monthly, for future permanent partial disability. In addition, the court ordered the employer to pay all hospital, medical, and doctors’ expenses incurred in treatment of the infarction. Medical expenses for further medical diagnostic procedures to determine extent of blockage of coronary arteries or possible heart bypass surgery to prevent or lessen heart pain were denied on the grounds that these expenses were not related to the injury received in the course of employment.
After his motion for new trial was denied, Lewis appealed here, asserting that the trial court erred in (1) failing to give him medical benefits for his heart attack, (2) failing to grant him an additional ten percent compensated benefit (presumably as a penalty for nonpayment of benefits pursuant to § 25-5-59, Code 1975), and (3) in finding only a ten percent loss of earnings capacity.
In workmen’s compensation cases the trial court’s findings are conclusive if there is any evidence to support them. We may not consider the weight of the evidence nor the propriety of the trial court’s findings of fact. Our review is limited to a determination of whether there is any evidence to support the trial court’s findings and whether the law was correctly applied to the facts. Craig v. Decatur Petroleum Haulers, Inc., 340 So.2d 1127 (Ala.Civ.App. *596 1976), cert. denied, 340 So.2d 1130 (Ala.1977).
In the case at bar, we find that there is legal evidence to support the trial court’s findings in regard to the determination of disability and the award of medical benefits. We also uphold the trial court’s decision to not assess the employer with a ten percent penalty for failure to pay benefits.
First we will address Lewis’s contention that the trial court erred in denying certain medical benefits.
Viewing the record with the appropriate standard of review in mind, the following is pertinent. After Lewis’s myocardial infarction it was determined that Lewis had coronary artery disease caused by a narrowing or clogging of the arteries. This condition was most likely a result of various factors, including heredity, high blood pressure, and extreme obesity, among other things; this condition generally takes a long time to reach the trouble state. There was evidence that reduced oxygen flow to the heart, caused by the coronary artery disease, combined with the physical exertion of Lewis’s job to provoke his myocardial infarction.
There was also evidence that the heart disease was not due primarily to the myocardial infarction and that Lewis’s job could not cause the type of heart disease afflicting Lewis.
There was scarring on Lewis’s heart caused by the myocardial infarction, but there was testimony that even without the scarring Lewis would still need medical attention such as catheterization of the coronary arteries, or possible surgery, because of their clogged condition as a result of heart disease.
There is evidence from which the trial court could determine that Lewis’s coronary artery disease was a preexisting condition not caused by the injury at work. Therefore, the trial court was correct in finding that any medical expenses incurred in connection with treatment of this preexisting condition would not be the responsibility of the employer. § 25-5-58, Code 1975.
In regard to Lewis's contention that the trial court erred in finding a ten percent loss of ability to earn, we conclude that there is evidence to support the trial court’s decision.
As seen from the above, Lewis has a coronary heart disease preexisting the injury sustained at work. There was evidence that, although Lewis could not return to heavy physical labor, the reason he should not return to work was because of the coronary artery disease which reduced the flow of oxygen to the heart and caused pain. However, there was also testimony that the pain could not be divorced entirely from the myocardial infarction, although the myocardial infarction was not the reason Lewis could not return to work.
The above evidence supports the trial court’s finding that Lewis’s injury at work resulted in only a ten percent loss of ability to earn. In other words, although Lewis is almost totally disabled, there is evidence to support a finding that only a small portion, i.e. ten percent, of loss of ability to earn is attributable to the myocardial infarction brought on by work and heart disease.
Concerning Lewis’s final contention, we find no error in the trial court’s failure to assess the employer with a ten percent penalty for failure to pay benefits prior to the entry of the judgment. The statute that imposes such penalty, § 25-5-59, Code 1975, provides in pertinent part:
“If any installment of compensation payable is not paid without good cause within 30 days after it becomes -due, there shall be added to such unpaid installment an amount equal to 10 percent thereof, which shall be paid at the same time as, but in addition to, such installment.”
We find the phrase “without good cause” to be controlling. There was reasonable cause for delay of payment until the amount and duration of the installments due were ascertained by the trial court's judgment. Read News Agency, Inc. v. Mo- *597 man, 383 So.2d 840 (Ala.Civ.App.), cert. denied, 383 So.2d 847 (Ala.1980).
In view of the foregoing, this case is due to be and is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
WRIGHT, P.J., dissents.