FAULKNER, Justice.
This is a workmen’s compensation case. We granted certiorari to determine whether the Court of Civil Appeals’ decision in this case conflicts with the decisions rendered by this Court in Ingalls Shipbuild *600 ing Corp. v. Cahela, 25.1 Ala. 163, 36 So.2d 513 (1948), and Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380 (1967).
Charlie Lewis is a 45-year old man' with a sixth-grade education who was categorized by a vocational expert as a functional illiterate. While lifting a 90-pound sack of concrete at work, Lewis suffered a myocardial infarction. While hospitalized for the heart attack, he was diagnosed as suffering from hypertension and arteriosclerosis. The treating physicians agreed that the strain of the job acting on Lewis’s existing physical condition caused the heart attack. Prior to the heart attack, Lewis had never had. any heart problems which required him to curtail his activities. After the heart attack, however, he began suffering episodes of severe pain, which required him to limit his activities. A vocational expert testified that, based on Lewis’s age, experience, and physical condition, he was 92% disabled. A cardiologist testified that he wished to hospitalize Lewis and perform a cardiac catheterization to determine the degree of arterial blockage and determine whether it would be desirable to perform by-pass surgery. If the surgery is needed but not performed, Lewis’s possibility of a future heart attack will be significantly increased and he will be restricted from any significant physical activity. With surgery it is possible that Lewis might some day be able to return to work.
The trial court ruled that the heart attack arose’ out of and in the course of Lewis’s employment. It awarded him medical expenses incurred in treating the infarction and payments for the total temporary disability caused by the heart attack. The portion of the trial court’s decree which is in dispute involves the award for permanent disability. Although Lewis is 92% disabled, the trial court awarded him permanent partial disability of only 10%. The court also ruled that Lewis's employer was not responsible for expenses which might be incurred by the proposed cardiac catheterization and by-pass surgery.
The Court of Civil Appeals affirmed the trial court’s order. With regard to the award for permanent partial disability, it approved of the apportionment of the permanent disability award between that portion of the disability caused by the heart attack and that portion caused by the preexisting heart disease. The court stated that “the reason [Lewis] could not return to work was because of the coronary artery disease which reduced thé flow of oxygen to the heart and caused pain. However, there was also testimony that the pain could not be divorced entirely from the myocardial infarction, although the myocardial infarction was not the reason Lewis could not return to work ... [Although Lewis is almost totally disabled, there is evidence to support a finding that only a small portion, i.e. ten percent, of loss of ability to earn is attributable to the myocardial infarction brought on by work and heart disease.” Lewis v. The 4-E Corporation, 469 So.2d 594 (Ala.Civ.App.1984).
The issue raised by the petition for writ of certiorari is whether it was proper to uphold the award of 10% permanent disability based on an apportionment of the permanent disability award between the portion of the disability caused by the heart attack and the portion of the disability caused by the preexisting condition.[1] Apportionment of disability awards in workmen’s compensation cases between work related accidents and preexisting injuries or infirmities is provided for in § 25-5-58, Code of Alabama (1975), which states:
“If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.”
*601 Both the majority of the court below and the respondent in its brief to this Court relied on § 25-5-58 without making any attempt to distinguish this case from In-galls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513 (1948), or Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380 (1967). Both of those opinions construed the meaning of the term “preexisting infirmity” in § 25-5-58. In Ingalls Shipbuilding, supra, the plaintiff suffered a job related back injury. Prior to the accident the plaintiff had worked for a number of years as a manual laborer without any significant back problems. The plaintiff had a preexisting arthritic condition in his back which was activated by the injury. The arthritic condition was one which might not have been disabling for an indefinite period of time had the injury not intervened. After the back injury the plaintiff was unable to do work which caused any strain whatsoever on his back. 251 Ala. at 171, 36 So.2d at 519. In upholding an award for a permanent partial disability against a challenge that the statute now codified at § 25-5-58 was not properly applied, this Court concluded that “the term ... infirmity in [§ 25-5-58] refer[s] to a condition which affects [the plaintiffs] ability to work as a normal man at the time of the accident or which would probably so affect him within the compensable period.” 251 Ala. at 173, 36 So.2d at 521. Ingalls Shipbuilding was followed in Kroger v. Millsap, 280 Ala. 531, 196 So.2d 380 (1967). In that case the plaintiff had a congenital back impairment which was dormant prior to the accident in question but which caused her pain following the injury. The medical testimony indicated that the latent defect might not have demonstrated itself during the compensa-ble period but for the injury. This Court upheld an award for permanent partial disability.
As Judge Wright pointed out in his dissenting opinion, Lewis’s arteriosclerosis never affected his ability to work before the heart attack. Since the attack, however, Lewis’s physical activity has been limited because of the onset of severe pain. Although the pain is not caused by the infarction, the threshold at which the pain occurs is hastened by the attack and the scar on the heart caused by the attack exacerbates the pain. Because of the early onset of the pain, Lewis is now 92% disabled. Whether or when the latent disease would have manifested itself without the injury does not appear in the evidence. Lewis v. The ⅛-E Corporation, 469 So.2d 594 (Ala.Civ.App.1984) (Wright, P.J., dissenting).
It is well settled that workmen’s compensation is not limited to those in perfect health. If the employment aggravated, accelerated, or combined with a latent disease or infirmity to produce disability, the preexisting disability does not disqualify the claim under the “arising out of employment” requirement of the statute. Southern Cotton Oil Co. v. Wynn, 266 Ala. 327, 333, 96 So.2d 159, 164 (1957) (citing 1 Larson, Workmen’s Compensation Law, 170, § 12.20). The rule is applicable to cases where a work related heart attack renders arteriosclerosis symptomatic. See Finn v. Delta Drilling Co., 121 So.2d 340 (La.Ct.App.1960); Youngblood v. Ralph M. Parsons Company, 260 So.2d 188 (Miss.1972); Jamie v. State Accident Insurance Fund, 19 Or.App. 135, 526 P.2d 1039 (1974).
It appears to us that the arteriosclerosis was aggravated and rendered symptomatic by the work related injury. Since Lewis’s ability to work was unaffected by the arteriosclerosis prior to the accident, and there is no evidence in the record to indicate that the condition would have become symptomatic during the compensable period but for the injury, the Court of Civil Appeals’ decision affirming the apportionment of the award for permanent disability between the work related injury and the preexisting infirmity is in conflict with the decisions of this Court in Ingalls Shipbuilding and in Kroger, supra.
The decision of the Court of Civil Appeals is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
*602 TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.

. The trial court ruled that 10% of the plaintiffs disability was attributable to the heart attack. We agree with Judge Wright’s observation that the majority cited no evidence to support such a conclusion and, therefore, that it appears to be based on speculation. Resolution of that factual question is not necessary to our decision, however.