L. CHARLES WRIGHT, Retired Appellate Judge.
Melvin Graham filed a complaint, claiming workmen’s compensation for an alleged accident and injury occurring on July 22, 1991, while in the course of his employment with American Cyanamid Company. The complaint was heard, and judgment denying the claim was entered by the Circuit Court of Mobile County on May 27, 1993.
The material evidence presented at trial was a combination of depositions by physicians, oral testimony of the claimant and the representative of the employer, and certain medical forms as exhibits. From that evidence the trial court made findings of fact. The dispositive issue at trial and on appeal is whether on July 22, 1991, the claimant suffered a compensable accident and injury. From the facts it recited, the trial court found as a conclusion of law that the claimant had not suffered an accident on July 22,1991, but that his back condition was related to an incident occurring in 1985.
We begin our review of the case with the established standards in mind, i.e., that this court will not weigh the evidence or consider its preponderance, but will review the evidence only to determine if any reasonable view of it supports the findings of fact of the trial court. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991); Newman Brothers, Inc. v. McDowell, 354 So.2d 1138 (Ala.Civ.App.1977), cert. denied, 354 So.2d 1142 (Ala.1978). If there is support for the findings of fact, were the correct legal conclusions drawn therefrom? Reynolds Metals Co. v. Gray, 278 Ala. 309,178 So.2d 87 (1965); Newman Brothers, Inc.
The trial court recited that the evidence showed that the claimant suffered an injury to his back in the course of his employment in 1985. That injury was determined to have been a strain due to lifting heavy drums. He was treated for that injury. He lost no time from work and received no compensation.
In March 1991 the claimant told the safety supervisor that he was having back pain. At the time he was lifting fifty-pound bags of material and pulling pallets of the material. His supervisor sent him to the company doctor. He informed the doctor that he had been having back pain since the 1985 sprain. After the consultation with the doctor, he returned to his job.
On July 22, 1991, the claimant again informed the supervisor that he was having a bad episode of back pain. The supervisor sent him to the company doctor. He did not inform the supervisor of any “specific injury or injury mechanism” occurring on that date, but referred his pain to the 1985 injury.
The court made other findings of fact, which included that the claimant had seen five doctors over a period of months and had taken various physical therapy tests. The court emphasized that the doctors believed him to be malingering and overreacting to a back sprain which had its origin in the 1985 incident. The facts which the court related from the doctors’ testimony, however, were that the claimant had a recurrence of back pain in March 1991 and in July 1992 from the injury of 1985; that he had degenerative changes in his back at the L4-5 level; that Dr. Holland opined that the claimant reached maximum medical improvement on June 27, 1992 (nearly one year from July 1991); and that he was capable of returning to light *583 work, but should avoid heavy manual labor. He had a permanent partial disability of the body of 5%.
The trial court found that it was Dr. Rutledge’s opinion that the claimant had sustained a back strain which should have resolved within six to eight weeks, but that he suffered no permanent injury.
The judge discussed at length the testimony of Dr. Rutledge as to the claimant’s exaggeration of his pain and problems of movement. He concluded with the statement of Dr. Rutledge that “his reaction post injury is totally out of keeping with the injury he received.” (Emphasis added.)
Following the findings of fact, which we have materially related, the trial court entered the following conclusions of law:
“15. It is disputed whether the alleged July 22, 1991, accident is a compensable accident.
“16. The employer does not dispute that the plaintiff injured his back initially in 1985, although the employee’s accounts of that incident were inconsistent. It is also undisputed that he noted a recurrence of his back pain in March 1991, following his usual' activities at work. The employee related these to the 1985 incident.
“17. The issue before the Court is whether a compensable accident occurred on July 22, 1991.
“18. The plaintiff did not report any accident to the defendant on July 22,1991, or thereafter. Rather, the plaintiff only expressed to the defendant that his back condition, which he had since 1985, was giving him trouble.
“19. The Court concludes that the plaintiff did not suffer a compensable accident on July 22, 1991. The court further concludes that any back problems of the plaintiff are related to the 1985 incident if to any incident.”
There was evidence of the claimant, not related by the trial court, that on March 21, 1991, while lifting the heavy bags necessary to his job, he suffered an onset of low back pain. He notified the supervisor and was taken to the company doctor. The testimony of that doctor was not presented. However, exhibits indicate that the claimant was treated and that he returned to work. He worked, often with extended overtime, until July 22, 1991, when he again had an episode of back pain while working. He reported to the supervisor and was taken to the company doctor, Dr. Dixon. He was treated, and he returned to the job. Later the same day, he again had an onset of pain when he bent over to pick up a hose. He could not straighten up. He again notified his safety supervisor, who personally took him to Dr. Dixon. This time Dr. Dixon placed him in the hospital and called in Dr. Rutledge, an orthopedist, for consultation.
The initial consultation report of Dr. Rutledge as deemed pertinent was as follows:
“ATTENDING PHYSICIAN: John L. Dixon, M.D.
“CONSULTING PHYSICIAN: G.L. Rutledge, Jr., M.D.
“FINDINGS: This is a black male, who is employed by American Cyanamid. He apparently has worked for them for years. About 4 or 5 years ago, he had an episode of back pain, necessitating changing a job. He has done well since that time until about January of this year when he began to notice, again, the onset of low back pain. It has been persistent since January, and has been aggravated on occasion by his occupation, which does require some heavy activity. Yesterday, he saw Dr. Dixon earlier in the day, with his back, and was treated; he returned to work, reached for his hard hat, had immediate severe back pain, with inability to straighten and inability to stand. He was admitted last night as an emergency.
“His pain is in the lumbosacral area, radiates into both buttocks, but not down either leg. He has difficulty doing anything at the present time.
[[Image here]]
“No studies have been done at this time. CT scan has been ordered, as well as his blood studies. This apparently is an acute lumbosacral sprain superimposed on preexisting chronic lumbar back pain. We will put him on flexion exercises, medication for pain, and observe. My feeling is *584 he will clear fairly rapidly of his acute symptomatology and then be rehabilitated by exercise.”
The trial court, in finding that the claimant had failed to give notice to his employer of any “specific injury or accident” on July 22, 1991, apparently placed primary importance on the supervisor’s testimony that the claimant had not told him of any specific incident occurring on the job which precipitated the pain. The trial eourt failed to relate the consultation report of Dr. Rutledge, which we have cited, the testimony of the claimant, and the fact that the supervisor himself personally took the claimant away from the job in the condition for which he was immediately hospitalized and which was described by the physician’s report.
We consider that the undisputed evidence of the circumstances occurring in July 1991 was more than sufficient to satisfy actual notice of the event. Jack Cole Co. v. Crawford, 285 Ala. 440, 233 So.2d 225 (1970); North River Ins. Co. v. Purser, 608 So.2d 1379 (Ala.Civ.App.1992); Brown-Ray Development, Inc. v. Murphy, 568 So.2d 814 (Ala.Civ.App.1990).
It also appears that the fact of a previous injury to the claimant’s back in 1985 became of primary concern, along with the opinion allegations that the claimant was malingering or that he was overemphasizing his injury. Neither of those appear relevant to the stated issue of whether the claimant suffered a compensable injury on July 22, 1991.
Let us first consider the fact of the 1985 injury. It appears that the report of Dr. Rutledge provides the answer under the law, i.e., that the injury of 1985 had been aggravated by the claimant’s occupation, which required heavy activity. It is the law in this state that there is no pre-existing condition or disease if the employee was able to perform his duties prior to the subject injury. Lewis v. 4-E Corp., 469 So.2d 599 (Ala.1985); International Paper Co. v. Rogers, 500 So.2d 1102 (Ala.Civ.App.1986). The evidence is undisputed that any injury suffered by the claimant in 1985 occurred on the job of American Cyanamid. The company was aware of a back injury by the claimant and continued his employment in heavy-duty work, often overtime, for six years. The company was aware that he was suffering back pain in March 1991, but continued him on the job. It was aware of severe back pain on July 22, 1991, but returned him from its doctor’s office to the job of lifting fifty-pound bags. On the same day he again experienced back pain and was transported to the doctor and the hospital by the safety supervisor. The company, with all that knowledge since 1985, now contends that the claimant’s injury did not arise from his employment and that if it did, it had no notice that the job caused it.
It is the opinion of this court that no reasonable view of this undisputed evidence will accept that conclusion. It has long been the law of this state that if the job caused the injury, it was an accident under the statute and compensable. Newman Brothers, Inc.; City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (1975).
The second emphasis of the trial court upon the allegation of malingering or overemphasizing by the claimant of the severity of his injury has no relation to the issue upon which the case was decided— whether there had been an accident or injury. That there had been an injury or accident under the statute was shown by the court’s own findings of fact. The court related that Dr. Holland found a recurrence of back pain from the 1985 injury, which reached maximum improvement on June 27, 1992. It further found that it was Dr. Rutledge’s opinion that the claimant “sustained a back strain which should have resolved within six or eight weeks, his reaction post injury is totally out of keeping with the injury he received.” These recited statements of fact, set out in the judgment of the court, alone refute the subsequent conclusion of law that “the plaintiff did not suffer a compensable accident on July 22, 1991.” Whether the injury of the claimant was less serious in the opinion of Dr. Rutledge than the claimant believed or pretended was relevant only to a determination of disability and not to whether he was injured on July 22, 1991.
It is the opinion of this court that the findings of fact by the trial court are not supported by any reasonable view of the *585 evidence and that its conclusions of law are not supported by its own findings of fact. For these reasons the judgment of the trial court is reversed. The case is remanded with directions to enter a judgment in favor of the claimant and to determine the degree of disability and proper compensation.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.